CONCETTA D. SARDO vs. JAMES RUSSELL BOILER WORKS
COMPANY.

Suffolk.   February 16, 17, 1922. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction*, To enjoin nuisance, Damages.   *Nuisance.   Damages*, In
suit in equity.

In a suit in equity by the owner of a dwelling house against a corporation, which in
1917 established works for manufacturing heavy iron and steel tanks upon land
adjacent to and in the rear of the dwelling house, to enjoin operation of the works
in a manner to create a nuisance and for damages caused by noise and vibration,
a master, to whom the suit was referred, found upon unreported evidence that
the dwelling house was built about twenty years previously in a locality which
was not adapted for development as a residential district and which, when the
defendant's plant was established, was adapted for development of manufactur-
ing establishments, that considerable noise was caused by the defendant by the
use of heavy sledge hammers upon metallic wedges and by pneumatic riveters
and that by reason of the proximity of the plaintiff's property to the defendant's
plant the plaintiff had suffered damages to the extent of $500.  The master's
report, to which no exceptions were taken, was confirmed and the bill was
dismissed.  The plaintiff appealed and before this court did not press for
injunctive relief.  *Held*, that
   (1) It was plain on the master's report that damages should be assessed;
   (2) The decree dismissing the bill must be reversed;
   (3) A decree with costs should be entered awarding the plaintiff $500.

BILL IN EQUITY, filed in the Superior Court on June 3, 1918, to
enjoin the defendant from so operating its machine works as to
create a nuisance and to recover for damages caused by noise and
vibrations incident to the operation of the works.

The suit was referred to a master who filed a report containing
findings described in the opinion.  The master also found that
"The plaintiff's property was built approximately twenty years
ago, in a location not naturally adapted for development as a resi-
dential district.  The defendant located its plant in proximity to
the plaintiff's premises, and in a locality naturally adapted for the
development of manufacturing establishments, including a boiler
shop or a foundry, or other similar business.  The defendant's shop
is well constructed for the purposes to which it is put.  So far as
the evidence discloses, the business is reasonably well conducted.
There is no evidence which would justify any finding that more

improved methods could be adopted, or that the business could be conducted in such a way as to eliminate or reduce the noise necessarily incidental thereto. There has been no structural damage to the plaintiff's premises from the operation of the defendant's plant. She has lost no money as the result of the operation of the defendant's business. Her house is probably not as readily saleable as it was before the defendant came into the neighborhood. If the plaintiff's property were further away from the defendant's shop, I should hesitate longer before awarding any damages."

The suit was heard upon the master's report by *Wait*, J., by whose order there were entered an interlocutory decree confirming the report and a final decree dismissing the bill. The plaintiff appealed from the final decree.

*H. E. Perkins*, for the plaintiff.

*H. P. Williams*, for the defendant.

BRALEY, J. This is a bill in equity to enjoin the defendant from so operating its boiler works, which are in the immediate vicinity of the plaintiff's property, as to create a nuisance, and for damages caused by loud and disturbing noises in the manufacture of heavy iron tanks by the use of sledge hammers upon metal wedges inserted in large pieces of sheet metal, and the operation of pneumatic riveters. The suit was referred to a master and upon the coming in of his report, to which no exceptions were taken, the bill was dismissed, and the suit is before us on appeal.

The plaintiff does not press for injunctive relief, and the question therefore is whether she is entitled to damages. It is plain on the report that damages should be assessed. The master on unreported evidence finds that, "On account of the proximity of the plaintiff's building, and the fact that the windows in the defendant's property are directly in the rear of the plaintiff's premises, there is no question but what the plaintiff's property has been damaged to some extent. It is not as desirable a place in which to live as it was before the boiler shop was built. The plaintiff is receiving more rent than she was prior to the building of the defendant's plant, and her property has increased in value, but this is due to causes which have affected all real estate, but I have no doubt that any one contemplating buying the plaintiff's property would pay more for it if the defendant's plant were not in such close proximity than he would be willing to pay under the present circumstances.

· "It is, perhaps, somewhat difficult to judge how far the plaintiff's property has failed to appreciate in value by reason of the presence of the defendant's plant. In my opinion, $500 is a fair and reasonable sum at which to fix the plaintiff's damages, and I therefore award her that amount."

The decree must be reversed and a decree with costs is to be entered awarding the plaintiff $500.

*Ordered accordingly.*