HAROLD J. NUGENT & others *vs.* MELVILLE SHOE
CORPORATION & another.

Worcester.   September 26, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Nuisance. Equity Jurisdiction,* To enjoin nuisance.

In a suit in equity by the owner of a dwelling house located in a resi-
dential and business section of a city against the owner of a business
building located within a few feet of the plaintiff's house, and against
a contractor engaged by the defendant owner to construct an addi-
tion to his building, it was·found by a master that noise frequently
caused in the night by employees of the defendant owner in shutting
large windows in steel frames in his building was not reasonably
necessary and was a nuisance; that the turning on of nitrogen lights
therein at night without the placing of shades or curtains over the
windows, whereby the sleep of the plaintiff was disturbed, was a
nuisance; and that workmen of the defendant contractor in the
course of their work made unnecessary noises in the early morning
which constituted a nuisance and also splashed wet cement on the
house, trees and shrubbery of the plaintiff.   The plaintiff made no
claim for damage sustained after a certain date just previous to the
completion of the defendant contractor's work, which was finished
before the close of the master's hearings.   No question was raised
as to the joinder of the defendants.   A final decree was entered en-
joining the defendant owner from permitting his windows to be closed
in such a manner as to cause an unreasonable noise; awarding the
plaintiff damages against that defendant with respect to the windows
and to the nitrogen lights; and awarding damages against the de-
fendant contractor with respect to the cement splashed on the plain-
tiff's property and to the noises caused by that defendant's work-
men.   *Held,* that the decree was proper.

BILL IN EQUITY, filed in the Superior Court on May 26,
1930, and a supplemental bill filed on July 17, 1930, and
afterwards amended, described in the opinion, against Mel-
ville Shoe Corporation and Aberthaw Company.

The suit was referred to a master on July 30, 1930.
Hearings by him were concluded on October 20, 1930.
Material facts found by him are stated in the opinion.   His
report was filed on December 13, 1930, and a supplemental

report, after recommittal, was filed on February 16, 1931. By order of *Whiting*, J., there were entered an interlocutory decree confirming the master's report and supplemental report; and a final decree permanently enjoining the defendant Melville Shoe Corporation "from causing or permitting the steel windows . . . to be closed in such a manner as to cause an unreasonable noise, and from opening said windows so that any part of them extends over the land of the plaintiffs," awarding damages to the plaintiffs against that defendant with respect to such windows and the turning on of the nitrogen lights, and awarding damages to the plaintiffs against the defendant Aberthaw Company with respect to the cement splashed upon the plaintiff's property and noises made by that defendant's employees.

The defendants appealed from both decrees. No question was raised in the proceedings as to the joinder of the joint claims of all the plaintiffs with the several claims of each plaintiff, or as to the joinder of the defendants.

*C. C. Milton*, for the defendants.

*L. E. Stockwell*, for the plaintiffs.

CROSBY, J. This suit is brought to have certain acts of the defendants enjoined as a nuisance, and to recover damages resulting therefrom. The plaintiffs at the time of the acts complained of were the owners, as tenants in common, of certain real estate, in Worcester, consisting of two three-family houses, and one four-family house. The defendant Melville Shoe Corporation (which will hereafter be referred to as the defendant unless otherwise indicated) was the owner of a tract of land immediately adjoining said property of the plaintiffs, upon which a two-story building had been erected before the filing of this bill. A short time before this suit was brought the owner began the erection of two additional stories upon its building, the work being done by the defendant Aberthaw Company. The alleged wrongful acts of the defendants arose during the performance of this work.

The case was referred to a master who found that between the building of the defendant and the dwelling house of the plaintiffs there is a strip of land approximately four

feet in width; that the easterly wall of the plaintiffs' house is about four feet fròm the cement pillars which form part of the westerly wall of the building of the defendant, the brick face of the wall being .set back about eight inches from the face of the pillars; that the plaintiffs occupied the middle floor of their dwelling house; that their tenement had three bedrooms, all on the side next to the building of the defendant, which were occupied by the plaintiffs respectively; that the first and third floors were occupied by the plaintiffs' tenants.   No claim is made by the plaintiffs that any damage was sustained after September 20, 1930, soon after which date the addition to the building was completed.   The master further found that the defendant maintained windows about ten feet high and about six feet wide with steel casings within a few feet of the plaintiffs' bedrooms;   that these windows, which swung on a pivot and were opened and closed by means of a chain, were often closed with "a loud, slamming noise" caused by the contact of the steel frame with the steel casement;   that between July, 1929, and the summer of 1930, these windows were frequently slammed about one o'clock in the morning and the plaintiffs were awakened and their rest was seriously disturbed;   that complaints were often made to the employees and officials of the defendant by the plaintiff Nugent, but the noise still continued;   that these windows, when opened to a horizontal position, extended over the plaintiffs' land a distance of six to eight inches;   that the slamming of these windows was not reasonably necessary, and that the noise so caused constituted a nuisance.   It was found that the damage resulting to the plaintiffs amounted to $240.

The master further found that the defendant maintained a row of nitrogen lights in its building along the side opposite the plaintiffs' bedrooms; that these lights were turned òn about midnight almost every night and disturbed the sleep of the plaintiffs.   In his supplementary report the master found that the defendant did not equip its windows with shades or curtains for the purpose of preventing the lights from shining through the windows of its building.   It was

found that the lights constituted a nuisance and that the plaintiffs were entitled to damages in the sum of $60, to be equally divided between them.

It was also found that in the performance of the work by the Aberthaw Company it was necessary to construct certain cement pillars; that in doing this work wet cement was used which splattered over onto the dwelling house, trees and shrubbery of the plaintiffs; that the damage to the plaintiffs' dwelling resulting therefrom amounted to $200, and that the damage to the trees and shrubbery was $30.

It was found that the Aberthaw Company had men at work on the premises on many Sundays in the daytime and at night, on account of which numerous complaints were made by the plaintiffs to the employees and officials of that company; that on several occasions in the early morning hours before six o'clock unnecessary noises were caused by moving sections of metal forms, by dragging and dropping iron pipes on the cement floor, and by scraping tools on the cement; that these noises were not necessary in the performance of the work and constituted a nuisance resulting in damage to the plaintiffs in the sum of $350.

An interlocutory decree was entered confirming the master's report and supplemental report, and an order for decree and a final decree were entered; the defendants appealed.

The specific findings against each defendant that by their acts they created unnecessary noises which seriously disturbed the plaintiffs in the occupation of their premises, thereby creating a nuisance, entitled the plaintiffs to relief in equity. It cannot be doubted that the Melville Shoe Corporation, so far as the plaintiffs were concerned, had a right to add stories to its building, and the Aberthaw Company could perform the work under its contract. The property of the respective parties is located in a business and in a residential section of the city. It is plain that the defendants cannot in the performance of the work or in the use of the premises cause the plaintiffs to be disturbed by unreasonable and unnecessary noises or otherwise create a nuisance and thereby deprive the plaintiffs of the reasonable use of their

property. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486. *Stodder* v. *Rosen Talking Machine Co.* 241 Mass. 245, 250, 251. *Cumberland Corp.* v. *Metropoulos*, 241 Mass. 491. *Marshall* v. *Holbrook*, 276 Mass. 341. *Shea* v. *National Ice Cream Co. Inc., ante,* 206. The unreasonable use of the nitrogen lights by the Melville Shoe Corporation was also for the reasons above stated proper ground for equitable relief.

> *Interlocutory decree affirmed.*
> *Order for decree and final decree*
> *affirmed with costs.*