HARRY W. BEANE & another *vs.* H. K. PORTER, INC.

Middlesex.   March 8, 1932. — October 27, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Nuisance. Zoning. License.*

A zoning ordinance is not in its legal effect like a license or legislative sanction to carry on in a district every kind of business that may not be expressly excluded therefrom, and if there are reasons apart from the zoning law why the business may not legally be carried on in the district, the zoning law furnishes no protection to it.

In a suit in equity begun in 1931 to enjoin a corporation in a city from using certain drop forge hammers in its factory on the opposite side of the street from the plaintiffs and to recover damages for loss resulting from such use in the past, it appeared that the defendant was engaged in the manufacture of bolt clippers and wire cutters which were forged out of steel by means of drop forge hammers and that the use of such hammers was essential to that manufacture; that in 1899 its predecessor had been licensed by the board of aldermen, with the approval of the mayor, "to erect and maintain a" described brick building "for manufacturing bolt clippers and electric wire cutters on" a lot on a street running from the street on which the plaintiffs' premises were situated; and that such building was constructed and operated in compliance with the terms of the license; that no drop

forge hammers were operated therein; that in 1929 the defendant obtained from the inspector of buildings a permit "to erect an addition to its existing building to be used for manufacturing," but obtained no permit therefor from the board of aldermen, and erected an addition of brick and steel construction which occupied land between the original building and the street on which the plaintiffs' premises were situated; and that since 1929 it had operated the hammers in that addition. The judge who heard the suit found that the operation of the hammers was a nuisance, but that, if certain alterations were made, "the noise and vibration thereafter resulting may not constitute a nuisance"; and by his order a final decree was entered awarding the plaintiffs damages and permanently enjoining the defendant from operating its hammers "in such a manner as to cause substantial interference with the reasonable comfort and enjoyment of life of the plaintiffs and their tenants in the use and occupation of their home, or in such a manner as to cause substantial injury to their property." The defendant appealed. *Held,* that

(1) A zoning ordinance of the city impressing upon the neighborhood the character of an industrial district did not make lawful the operation of the hammers in the circumstances;

(2) The operation of the hammers was not made lawful by a provision of the building code of the city prohibiting the erection or use of a building "for any manufacturing . . . purpose, without first obtaining a permit . . . from the board of aldermen," no such permit having been procured;

(3) The license given in 1899 did not make lawful the operation of the hammers in the addition built in 1929;

(4) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on September 25, 1931, and described in the opinion.

The premises of the defendant were in an industrial district established by a zoning ordinance of the city. The provision of the ordinance respecting use in such district was as follows: "In any industrial district as indicated on the zoning map buildings, structures or premises may be used for any purpose; provided that any industry of [*sic*] use, other than one already established, or one connected therewith and related thereto by utilization of the products or by products thereof, which when conducted under proper and adequate conditions and safeguards may still create current by corrosive, toxic or noisome fumes, gas, smoke or odors or obnoxious dust, wastes, vapor or offensive noise is prohibited, except that any such industry or use may be permitted by the Board of Appeals, if it be a

necessary accessory to a principal conforming use. An industry or use to which the prohibition of this paragraph does not apply shall be deemed to be a conforming use. Provided however that nothing in this section shall be construed as limiting the powers of the board of aldermen as now established by law."

The suit was heard by *Broadhurst*, J. Material facts found by him and a final decree entered by his order are described in the opinion. The defendant appealed from the final decree.

The case was argued at the bar in March, 1932, before *Rugg*, C.J., *Crosby, Sanderson, & Field*, JJ., and after the death of *Sanderson*, J., was submitted on briefs to *Pierce, Wait, Donahue, & Lummus*, JJ.

*W. P. Lombard*, for the defendant, submitted a brief.

*M. T. Silverstein*, for the plaintiffs.

FIELD, J. The plaintiffs, owners of a dwelling house on the south side of Beacham Street in the city of Everett, seek to enjoin the defendant, a manufacturer, from using certain drop forge hammers in its factory on the opposite side of the street and to recover damages for loss resulting from such use in the past. A decree was entered that the defendant "forthwith pay the plaintiffs the sum of $1,000 as damages, and that a permanent injunction shall issue forthwith enjoining the defendant from operating its three drop forge hammers in such a manner as to cause substantial interference with the reasonable comfort and enjoyment of life of the plaintiffs and their tenants in the use and occupation of their home, or in such a manner as to cause substantial injury to their property," and the defendant appealed. The findings of fact made by the trial judge appear in the record, but the evidence is not reported.

The judge found that the "operation of the defendant's hammers is a nuisance." The defendant attacks this finding only on the grounds that the operation of the hammers is made lawful by a zoning ordinance of the city, which became effective in August, 1926, a provision in its revised building code adopted in 1923, and a license granted in 1899 to the defendant's predecessor.

The defendant is engaged in the manufacture of bolt clippers and wire cutters. Its products are forged out of steel by means of drop forge hammers and "the use of such hammers is essential to the manufacture of bolt clippers and wire cutters." In 1899 the defendant's predecessor was licensed by the board of aldermen, with the approval of the mayor, "to erect and maintain a two story brick building 40 x 80 feet for manufacturing bolt clippers and electric wire cutters on lot #6 Ashland Street, Everett." This building was constructed and operated in compliance with the terms of the license. No drop forge hammers were operated therein as the defendant then made its forgings in a plant at South Boston. Since 1929 the defendant has been operating such hammers in a building erected in that year as an addition to the building licensed in 1899. The defendant obtained from the inspector of buildings a permit "to erect an addition to its existing building to be used for manufacturing," but obtained no permit therefor from the board of aldermen. The addition is a one-story building of brick and steel construction ninety-six feet wide on Ashland Street — which runs northerly from Beacham Street — occupying the land between the original building on the north and Beacham Street on the south.

The judge found that the noise and vibration of the hammers "cannot be entirely eliminated, but can be considerably reduced by reconstruction of the foundations under the hammers," and that if "such alterations are made, the noise and vibration thereafter resulting may not constitute a nuisance" and ruled that the plaintiffs "are not entitled to a decree enjoining all operation of its hammers, because alterations which can be made in their foundations may so far reduce the resultant noise and vibration as to avoid a nuisance."

The operation of the hammers is not made lawful by the zoning ordinance. A "zoning ordinance is not in its legal effect like a license or legislative sanction to carry on in a district every kind of business that may not be expressly excluded therefrom, and if there are reasons apart from the zoning law why the business may not legally be carried on in

the district, the zoning law . . . furnishes no protection to it." *Marshall* v. *Holbrook,* 276 Mass. 341, 348.

Apart from the license, hereinafter considered, the operation of the hammers is not made lawful by the revised building code adopted by the city in 1923. That code prohibited the erection or use of a building "for any manufacturing or other hazardous business, without first obtaining a permit in writing from the board of aldermen." And no such permit was obtained after the adoption of the code.

Nor is the operation of the hammers in the manner found by the judge to constitute a nuisance made lawful by the license granted in 1899. We assume — though there was no evidence of any ordinance effective in 1899 — that the license of that year was issued in accordance with law. But it did not cover the new building in which the hammers are being operated. Even if this building was erected on "lot #6 Ashland Street," referred to in the license, it constituted with the old building a much larger building than that described in the license, and in other respects failed to conform to the terms thereof. The differences are not negligible. Nor did the license impliedly authorize such an addition to the building licensed. The protection of the license does not extend to a building which is not within its terms. See *Murtha* v. *Lovewell,* 166 Mass. 391, 392. Furthermore, even if the new building had been within the terms of the license, it could not be assumed that the license was intended to sanction any use thereof — which, if not licensed, would create a nuisance — not naturally incidental to the ordinary and reasonable use of the building for the purpose licensed. *Sawyer* v. *Davis,* 136 Mass. 239, 244–245. *Murtha* v. *Lovewell,* 166 Mass. 391, 394. *O'Keefe* v. *Sheehan,* 235 Mass. 390, 395–396. *Sawyer* v. *Boston Elevated Railway,* 243 Mass. 469, 471. *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447, 451–452. On the findings of the trial judge the defendant is operating the hammers in a manner not naturally incidental to the ordinary and reasonable use of the building in manufacturing bolt clippers and electric wire

cutters.  Consequently such operation would not be within the protection of the license even if it was applicable to the building in which the hammers are being operated.

*Decree affirmed with costs.*