ROSARIA TORTORELLA *vs.* H. TRAISER & COMPANY, INCORPORATED.

Suffolk.    May 10, 1933. — November 29, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Nuisance. Equity Jurisdiction*, To enjoin maintenance of nuisance. *Equity Pleading and Practice*, Master: findings.

While a noise may constitute an actionable nuisance, it must be such a noise as affects injuriously the health or comfort of ordinary people in the vicinity to an unreasonable extent.

In a suit in equity to restrain the maintenance by the defendant, a manufacturer of cigars, of what the plaintiff alleged to be a nuisance in so erecting and installing certain cigar-making machines in his factory that loud and disturbing noises were created while they were in operation, a master found that the factory was located in a business

district zoned in such manner as not to prohibit the defendant's business; that the noises were annoying and disturbing to occupants of the plaintiff's premises; that they tended to create irritability and headaches; that they interfered with the sleep of a tenant of the plaintiff who worked by night and slept by day; that they were of such a character as would affect the comfort of a sick person; that by reason of them the rental value of the plaintiff's premises had been reduced to some extent but not to an extent which could be stated; but that no one on the plaintiff's premises had suffered materially from the noise in comfort or health; that the sanitary conditions for the defendant's workmen were materially improved through the use of the machines; that there was no negligent act of the defendant in failing to lessen the noise; that the expense of installing devices to lessen the noise would be unreasonable; and that the operation of the factory did not unreasonably interfere with the comfort, health or property of the plaintiff. The bill was dismissed. *Held*, that

(1) The finding that loss of rental value had been caused, when taken with the further statement by the master that the extent thereof could not be stated, failed to show diminished value of the premises so unreasonable as to establish a nuisance;

(2) No nuisance was shown, and the bill properly was dismissed.

It is proper for a master in a suit in equity to include in his report findings upon mixed questions of fact and law.

BILL IN EQUITY, filed in the Superior Court on October 7, 1932, and described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. The plaintiff moved that the master's report be recommitted "for further hearing," without further specification, and filed objections to the report. After hearing by *Whiting*, J., there were entered by his order an interlocutory decree denying the motion to recommit; another interlocutory decree over-ruling the exceptions to the report and confirming it "in so far as it finds facts"; and a final decree dismissing the bill. The plaintiff filed separate appeals "from the inter-locutory decree confirming master's report" and from the final decree. There was no appeal from the interlocutory decree denying the motion to recommit the master's report.

*F. Ramacorti*, (*E. Brams* with him,) for the plaintiff.

*F. B. Turner*, for the defendant.

WAIT, J. The plaintiff brings this bill in equity to re-strain the defendant from maintaining on its premises, on Merrimac Street, in Boston, what she alleges to be a nui-

sance in so erecting and installing certain cigar-making machinery that loud and disturbing noises are created while it is in operation. She also asks that damages be awarded.

A master reported findings of fact in substance as follows: The plaintiff owns premises on South Margin Street in Boston, distant about eighty feet from the factory of the defendant. When she purchased, in 1903, the neighborhood was largely residential; but it has changed until now it is more of a business than a residential district. Under the zoning act, St. 1924, c. 488, the district is zoned partly as "industrial" and partly as "general business," both classes permitting such use as the defendant makes of its premises. Before 1917 the defendant made cigars by hand. Machines have been installed from time to time to do this work; but no nuisance is alleged to have resulted until January of 1932. Between May, 1931, and January, 1932, fourteen machines were installed on the fourth floor of the factory equipped in accord with the present ventilating or suction system with a common motor and exhaust emptying in a dust collector on the roof. Noise results. Air is sucked from the floor of the room where the machines stand, with force sufficient to hold tobacco leaf so firmly to the machines that it may be cut as required and is driven to the dust collector on the roof. The system is not used to its full capacity. Fourteen machines are installed, though the system could handle forty. The change made does not increase the output of the factory but, by preventing the accumulation of dust from the atmosphere and from the tobacco about the machines, renders the shop and product much more sanitary. Competition makes the installation of the system necessary for the defendant's business.

The noise produced is continuous between the hours from 7:20 A.M. to noon, and from 1:00 to 4:30 P.M. on five days of the week. On the street in front of the plaintiff's premises, mingled with the sounds of the street, it is audible but not obtrusively so unless to one attending to it. It is decidedly more audible and noticeable from the plaintiff's rear rooms whether the windows be open or closed, but not so loud as in the different parts of the defendant's factory.

Its chief characteristic is its steady monotony. It is higher in pitch and more monotonous than the noise of continuous and uninterrupted passage of street traffic. It is annoying and disturbing to occupants of the plaintiff's premises. It tends to create irritability and headaches and it interferes with sleep of a tenant who works at night and sleeps by day. It would interfere with the comfort of a sick person. No one in the plaintiff's premises has suffered materially in comfort or health as a result of the noise. "If material, I find that the operation of the present system now in use and above described has reduced the rental value of the plaintiff's premises. I am unable to state to what extent it has been so reduced." Devices suggested, probably, would lessen the noise, but not appreciably, and at an expense disproportionate to the relief obtained. The report concludes: "Upon the facts herein found, and subject to the rulings of the court upon matters of law, I find that the operation of the defendant's factory does not unreasonably interfere with the comfort, health or property of the plaintiff." Recommittal was denied, exceptions of the plaintiff were overruled; the report in so far as it found facts was confirmed, and a final decree was entered dismissing the bill. The plaintiff appeals from the decrees confirming the report and dismissing the bill.

No error is disclosed. Whether the report be recommitted rested in the discretion of the judge. No abuse of discretion appears. *Webster* v. *Kelley*, 274 Mass. 564, 573. The objections based upon failure to find facts desired by the plaintiff or to reach different findings upon evidence not reported in full will not support valid exceptions. *Webster* v. *Kelley*. The exceptions that certain statements are conclusions of law rather than findings of fact were overruled properly. The statements that competition makes the installation necessary; that the cost of suggested changes would be disproportionate to the relief obtained; and the concluding finding that the operation of the factory does not unreasonably interfere with the comfort, health or property of the plaintiff are all mixed questions of law and facts which the master was right in reporting as findings.

The confirmation of the report in terms extended only "in so far as it finds facts." Questions of law were disposed of by the judge at the hearing on the merits.

A noise may constitute an actionable nuisance, *Rogers* v. *Elliott*, 146 Mass. 349, *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, *Stodder* v. *Rosen Talking Machine Co.* 241 Mass. 245, but it must be a noise which affects injuriously the health or comfort of ordinary people in the vicinity to an unreasonable extent. Injury to a particular person in a peculiar position or of specially sensitive characteristics will not render the noise an actionable nuisance. *Rogers* v. *Elliott*, 146 Mass. 349. In the conditions of present living, noise seems inseparable from the conduct of many necessary occupations. Its presence is a nuisance in the popular sense in which that word is used, but in the absence of statute noise becomes actionable only when it passes the limits of reasonable adjustment to the conditions of the locality and of the needs of the maker to the needs of the listener. What those limits are cannot be fixed by any definite measure of quantity or quality. They depend upon the circumstances of the particular case. They may be affected, but are not controlled, by zoning ordinances. *Beane* v. *H. K. Porter, Inc.* 280 Mass. 538. *Marshall* v. *Holbrook*, 276 Mass. 341. *Strachan* v. *Beacon Oil Co.* 251 Mass. 479. The delimitation of designated areas to use for manufacturing, industry or general business is not a license to emit every noise profitably attending the conduct of any one of them. *Beane* v. *H. K. Porter, Inc.* 280 Mass. 538. The test is whether rights of property, of health or of comfort are so injuriously affected by the noise in question that the sufferer is subjected to a loss which goes beyond the reasonable limit imposed upon him by the condition of living, or of holding property, in a particular locality in fact devoted to uses which involve the emission of noise although ordinary care is taken to confine it within reasonable bounds; or in the vicinity of property of another owner who though creating a noise is acting with reasonable regard for the rights of those affected by it. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486.

In the case before us the master finds that the noise is annoying and disturbing to the tenant of the plaintiff; tending to create irritability and headaches; in fact interfering with the sleep of one who works by night and sleeps by day; a noise which would affect the comfort of a sick person; which has reduced to some extent but not to an extent which can be stated the rental value of the premises. Nevertheless he also finds that no one, on those premises, has suffered materially from the noise in comfort or health; that the sanitary conditions for the defendant's workmen are materially improved through the use of the system installed; that there is no negligent act of the defendant in failing to lessen the noise; and that the operation of the factory does not unreasonably interfere with the comfort, health or property of the plaintiff. The evidence is not reported. We cannot see that the findings are inconsistent or are not justified. We are bound by them. *Strachan* v. *Beacon Oil Co.* 251 Mass. 479, 485. We think the finding that loss of rental value has been caused when taken with the further statement that the extent cannot be stated fails to show diminished value of the premises so unreasonable as to establish a nuisance. Compare *Marshall* v. *Holbrook*, 276 Mass. 341, 348. A failure to secure or to retain a single tenant because of the existence of noise would, in strictness, show a loss of rental value, but this falls far short of proving the noise to be unreasonable in extent. *Rogers* v. *Elliott*, 146 Mass. 349. In *Marshall* v. *Holbrook*, 276 Mass. 341, the master and the trial judge found that noise and vibration did constitute a nuisance but the Superior Court denied an injunction, as we held, erroneously. In the instant matter, no nuisance is found. The cases thus differ materially.

We find nothing in the recent cases of *Beane* v. *H. K. Porter, Inc.* 280 Mass. 538, *Nugent* v. *Melville Shoe Corp.* 280 Mass. 469, *Shea* v. *National Ice Cream Co. Inc.* 280 Mass. 206, *Marshall* v. *Holbrook*, 276 Mass. 341; or in the older decisions in *Cumberland Corp.* v. *Metropoulos*, 241 Mass. 491, and *Sardo* v. *James Russell Boiler Works Co.* 241 Mass. 215, which requires a different conclusion here.

*Decrees affirmed.*