(No. 39502.—

BELMAR DRIVE-IN THEATRE Co., Appellant, *vs.* THE ILLI-NOIS STATE TOLL HIGHWAY COMMISSION *et al.,* Appellees.

*Opinion filed May 23, 1966.*

EDWARD M. GERRITY, of Sycamore, and SEARS, STREIT, DREYER & FOOTE, of Aurora, (JOHN E. DREYER, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (THOMAS J. McCRACKEN, Assistant Attorney General, of counsel,) for appellee Illinois State Toll Highway Commission.

WILLIAM P. RICHMONE, of Chicago, (SIDLEY, AUSTIN, BURGESS, & SMITH, of counsel,) for appellee Fred Harvey, Inc.

CORRIGAN AND MACKAY, of Wheaton, (JOHN R. MACKAY, of counsel,) for other appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This action was initiated in the circuit court of Du Page County by Belmar Drive-in Theatre Company to recover damages to its business allegedly caused by bright lights emanating from a toll-road service center, or "oasis," located on the Northwest Tollway adjacent to plaintiff's outdoor movie theatre. Named as defendants were the Illinois State Toll Highway Commission together with Standard Oil Company, American Oil Company and Fred Harvey, Inc., the operators of business concessions on the oasis. Asserting that constitutional questions are involved, plaintiff appeals from a judgment order dismissing its amended complaint as being insufficient at law.

The amended complaint consisted of three counts and the plaintiff's contentions here make it expedient to treat upon each count separately. The basic charge of count I is that brilliant artificial lights employed on the oasis and its approaches approximate the light of day and dispel darkness on neighboring premises, making it impossible to properly exhibit outdoor movies, and thus constitute a private nuisance which has caused a substantial decline in plaintiff's business and entitles it to damages. However, we are in accord with the determination of the trial court that the facts pleaded to support the charge of a private nuisance do not charge the defendants with an actionable wrong.

A nuisance at common law is that which unlawfully annoys or does damage to another. (*City of Chicago* v. *Reuter Bros. Iron Works, Inc.* 398 Ill. 202.) And although we find no Illinois decisions precisely in point, it may be conceded, as plaintiff contends, that the casting of light on the land of another may, in some circumstances, constitute a nuisance remediable by injunction or suit for damages. (*E.g., The Shelburne, Inc.* v. *Crossan Corp.* 95 N.J. Eq. 188, 122 Atl. 749; *Nugent* v. *Melville Shoe Corp.* 280 Mass. 469, 182 N.E. 825; *National Refining Co.* v. *Batte,* 135

Miss. 819, 100 So. 388; *Hansen* v. *Independent School Dist. No. 1,* 61 Idaho 109, 98 P.2d 959.) The latter decisions, however, have no application under the facts of the instant case.

It is established law that, to constitute a nuisance, the act, structure or device complained about must cause some injury, real and not fanciful, and must work some material annoyance, inconvenience or other injury to the person or property of another. (*Joseph* v. *Wieland Dairy Co.* 297 Ill. 574; 29 I.L.P., Nuisances, sec. 14.) So far as injury to the person is concerned, it is held that in deciding whether a particular annoyance is sufficient to constitute a nuisance the criterion is "its effect upon an ordinarily reasonable man,— that is, a normal person of ordinary habits and sensibilities, * * *." (39 Am. Jur., Nuisances, sec. 31, p. 311; see also 66 C.J.S., Nuisances, sec. 18c.) As stated in *Cooper* v. *Randall,* 53 Ill. 24, at 27, "the injury must be something more than * * * a question of mere delicacy or fastidiousness arising from elegant and dainty habits of life; * * *." The same doctrine, indirectly recognized by this court in *Department of Public Works and Buildings* v. *Bloomer,* 28 Ill.2d 267, at 273, has been applied by American and English courts where the use to which a plaintiff puts his land is abnormally sensitive to the type of interference caused by the defendant, and is stated in Joyce, Law of Nuisances, sec. 26, in this manner: "* * * But the doing of something not in itself noxious does not become a nuisance merely because it does harm to some particular trade of a delicate nature in the adjoining property where it does not affect any ordinary trade carried on there nor interfere with the ordinary enjoyment of life. A man who carries on an exceptionally delicate trade cannot complain because it is injured by his neighbor doing something lawful on his property, if it is something which would not injure an ordinary trade or anything but an exceptionally delicate trade." (See also: *Amphitheaters Inc.* v. *Portland*

*Meadows,* 184 Ore. 336, 198 P.2d 847; *Sheridan Drive-in Theater, Inc.,* v. *State of Wyoming,* —— Wyo. ——, 384 P.2d 597; *Wright* v. *Commonwealth,* 286 Mass. 371, 190 N.E. 593; Prosser on Torts, 2d ed., chap. 14, p. 396.) Again, it is stated in 5 A.L.R. 2d 705: "The private nuisance light cases, considered as a whole, seem to warrant the generalization that if the intensity of light shining from adjoining land is strong enough to seriously disturb a person of ordinary sensibilities, or interfere with an occupation which is no more than ordinarily susceptible to light, it is a nuisance; if not, there is no cause of action. The courts will not afford protection to hypersensitive individuals or industries." The underlying notion of the doctrine is that a person cannot increase the liability of his neighbor by applying his own property to special and delicate uses, whether for business or pleasure.

Application of the doctrine here makes it clear that count I was insufficient to state a cause of action for a private nuisance. Its own allegations establish that the injury claimed is due solely to the exceptionally sensitive and delicate use to which plaintiff devotes its own property.

Ordinarily neither the negligence of the defendant nor the contributory negligence of the plaintiff is involved in an action with respect to a nuisance. (29 I.L.P., Nuisances, sec. 13; 66 C.J.S., Nuisances, sec. 11.) However, apparently seeking to rely on the principle that negligence may become an issue when a lawful act becomes a nuisance by reason of its careless performance, (see: 66 C.J.S., Nuisances, sec. 9a (2); 39 Am. Jur., Nuisances, sec. 24; *Fligelman* v. *City of Chicago,* 348 Ill. 294,) plaintiff next argues that count I states a cause of action in negligence against defendants for their careless, needless and unreasonable use of extraordinarily brilliant light. Even by indulging in the most liberal of constructions of count I we do not find this to be so, and neither does it appear to our satisfaction that such negligence theory was pursued in the trial court. While there is

language that the oasis was arbitrarily and carelessly constructed in close proximity to plaintiff's premises, it is devoid of allegations that negligence attends the use of the lights, and of allegations of the respects in which defendants are negligent. A complaint which fails to allege facts, the existence of which is necessary to enable plaintiff to recover does not state a cause of action, and its deficiency may not be remedied by liberal construction or argument. *Cf. Allis-Chalmers Mfg. Co.* v. *City of Chicago,* 297 Ill. 444; *Walters* v. *Christy,* 5 Ill. App. 2d 68.

Plaintiff next contends that it was entitled to a jury determination of whether the use of its land was in fact delicate and sensitive, and on this basis argues that the dismissal of the nuisance charge deprived it of the right to a jury trial guaranteed by section 5 of article II of the Illinois constitution. We do not agree. There was no controverted or controversial issue of fact to be submitted to the jury. Plaintiff's own pleading is an admission that its business, or property use, is particularly sensitive to light. Moreover, it is common knowledge, and all reasonable men would agree, that the business of showing outdoor movies is a property use peculiarly and abnormally sensitive to light. (See: *Amphitheaters Inc.* v. *Portland Meadows,* 184 Ore. 336, 198 P.2d 847, at 858.) The function of the jury is to decide disputed questions of fact, and it is obvious that where no such issue is presented there can be no denial of the right to a jury trial. (*Diversey Liquidating Corp.* v. *Neunkirchen,* 370 Ill. 523, 527; 23 I.L.P., Juries, sec. 13.) Equally certain, in response to further contentions of plaintiff that common-law actions of nuisance and negligence are normally heard by juries, is the conclusion that there can be no denial of the right to jury trial where a complaint fails to state a cause of action.

Count II of the amended complaint, construed most liberally, is, in the words of the court in *Sheridan Drive-in Theatre, Inc.* v. *State of Wyoming,* —— Wyo. ——, 384

P.2d 597, "an action in inverse eminent domain" directed at the Toll Highway Commission and bottomed on the language of section 13 of article II of the Illinois constitution which ordains that private property shall not be taken or damaged for public use without just compensation. (See: *Grunewald* v. *City of Chicago*, 371 Ill. 528; *Illinois Power and Light Corp.* v. *Peterson*, 322 Ill. 342, *Childs & Co.* v. *City of Chicago*, 279 Ill. 623.) It has long been held, however, that the section of the constitution relied upon was not intended to reach every possible injury that might be occasioned by a public improvement, (*e.g. City of Winchester* v. *Ring*, 312 Ill. 544; *Rigney* v. *City of Chicago*, 102 Ill. 64,) and we have recently held that damages arising from a sensitive or delicate use of land are not compensable. (*Department of Public Works and Bldgs.* v. *Bloomer*, 28 Ill.2d 267, 273.) This alone serves to demonstrate the inadequacy of the second count. But, in addition, it has long been established that there are certain injuries, necessarily incident to the ownership of property, which directly impair the value of private property and for which the law does not, and never has, afforded any relief, examples being the depreciation caused by the building of fire houses, police stations, hospitals, cemeteries and the like in close proximity to private property. (See: *Rigney* v. *City of Chicago*, 102 Ill. 64; *Frazer* v. *City of Chicago*, 186 Ill. 480; *Doyle* v. *City of Sycamore*, 193 Ill. 501; *Aldrich* v. *Metropolitan West Side Elevated Railroad Co.* 195 Ill. 456; *Eckhoff* v. *Forest Preserve Dist.* 377 Ill. 208.) Such injury is deemed to be *damnum absque injuria*—loss without injury in the legal sense—on the theory that the property owner is compensated for the injury sustained by sharing the general benefits which inure to all from the public improvement. (*City of Winchester* v. *Ring*, 312 Ill. 544, 552.) In our opinion, the damage claimed in this particular instance due to the location of the toll highway, and the oasis which is an integral part of such highway, (see: *Illinois State*

*Toll Highway Com.* v. *Eden Cemetery Ass'n,* 16 Ill.2d 539; *Illinois State Toll Highway Com.* v. *Korzen,* 32 Ill.2d 338,) is not an injury embraced within the constitutional provision relied upon, but is *damnum absque injuria.*

Count III of the amended complaint realleged count I and, according to plaintiff's arguments here, was intended to state a cause of action against the commission for manifest oppression and abuse of discretion in locating the oasis where it did. The location of service centers on toll highways is a matter of discretion, (*Combs* v. *Illinois State Toll Highway Com.* (N.D. Ill. 1955,) 128 F. Supp. 305,) and is not subject to judicial review unless there is a showing of bad faith, fraud, corruption, manifest oppression or a clear abuse of discretion. (*People* v. *Illinois State Toll Highway Com.* 3 Ill.2d 218, 233-234; *Mowry* v. *Department of Public Works and Bldgs.,* 345 Ill. 121; *Boyden* v. *Department of Public Works and Bldgs.* 349 Ill. 363.) It may thus be agreed that there is a basis for plaintiff's theory, but we are in accord with the finding of the trial court that the complaint utterly failed to state such a cause of action. We could not hold otherwise, even under the most liberal construction.

This count also contained an allegation in the language of section 19 of article II of our constitution to the effect that plaintiff ought to find a remedy in the laws for the wrong perpetrated against it, and plaintiff now contends that even if its complaint failed to state a cause of action for nuisance, or negligence, or for damages under section 13 of article II, the trial court had a duty under the constitution to provide it with a remedy against the commission for the redress of wrongs caused by its oppressive and arbitrary acts. We have already held, however, that recourse to the courts may be had where the discretionary powers of the commission are attended by bad faith, fraud, corruption, manifest oppression or a clear abuse of discretion. (*People* v. *Illinois State Toll Highway Com.* 3 Ill.2d 218,

233-234.) Manifestly, the failure of the complaint to plead facts sufficient to entitle the plaintiff to relief against the commission does not permit recourse to section 19 of article II, nor place a duty upon the courts to provide an alternative remedy. *Hawkins* v. *Hawkins,* 350 Ill. *227.*

The judgment of the circuit court dismissing the amended complaint was correct, and is therefore affirmed.

*Judgment affirmed.*