LYNN OPEN AIR THEATRE, INC. *vs.* SEA CREST
CADILLAC-PONTIAC, INC.

Essex.    January 16, 1973. — March 22, 1973.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Nuisance.   Negligence,* Lights.

In a suit in equity by the proprietor of an open air drive-in theatre to enjoin the use of floodlights by the defendant, findings by a master that the defendant's use of lights was normal in its business, was only harmful to the plaintiff's business because of the theatre's unique high sensitivity to light, and was not unreasonable in the highly commercial, heavily lighted neighborhood warranted a final decree dismissing the bill, even though the defendant knew of such sensitivity when it installed the lights. [187-188]

BILL IN EQUITY filed in the Superior Court on October 1, 1968.

The suit was heard by *Campbell,* J., on a master's report.

*Robert M. Bonin (Stephen M. Levinson* with him) for the plaintiff.

*George O. Gregson (Philip L. Sisk* with him) for the defendant.

ARMSTRONG, J.   This suit was brought to enjoin the defendant's use of flood lights which interfere with the quality of screen projection at the plaintiff's open air drive-in movie theatre and which in some sections of the plaintiff's parking area shine directly into patrons' eyes. No objections were taken to the master's report, which was confirmed on motion of the plaintiff. A justice of the Superior Court entered a final decree dismissing the bill of

complaint and the defendant's counterclaims. The plaintiff appealed.

The master found that when the plaintiff located its drive-in theatre many years ago it was the only occupier and user within many hundreds of feet, but that the neighborhood is now a highly developed commercial area located on a heavily traveled public way. He found that the other occupiers of this area are mainly commercial in nature, and are well lighted at night; that the defendant's use of lights in the evening is normal in the defendant's business and is only harmful to the plaintiff's business because of a drive-in theatre's unique high sensitivity to light; and that each party by incurring expenditure could take measures to alleviate the problem. There is no finding as to the relative cost of such measures.

The casting of light upon the property of another person may constitute a nuisance and be enjoined when it interferes with that person's reasonable and customary use and enjoyment of his property. *Nugent* v. *Melville Shoe Corp.* 280 Mass. 469, 471-473. See, generally, Restatement: Torts, §§ 822, 826-830. The master's subsidiary findings indicate, however, that the defendant's use of lights is not unreasonable in the highly commercial, heavily lighted neighborhood where the plaintiff's and defendant's businesses are located. "The character of the locality is a circumstance of great importance." *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24, 27. There is no finding that the defendant's lights injuriously affect ordinary users in the vicinity. Injury to a particular user of specially sensitive characteristics does not render the lights an actionable nuisance. *Wade* v. *Miller,* 188 Mass. 6. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 488, 489. *Tortorella* v. *H. Traiser & Co. Inc.* 284 Mass. 497, 501. *Burnham* v. *Beverly Airways, Inc.* 311 Mass. 628, 631. Restatement: Torts, § 822, comment g. See also *Amphitheaters, Inc.* v. *Portland Meadows,* 184 Ore. 336, 5 ALR 2d 690. *Belmar Drive-In Theatre Co.* v. *Illinois State Toll Highway Commn.* 34 Ill. 2d 544. "The plaintiff cannot, by devoting his own land to an unusually sensitive use, such as a drive-in motion picture theatre easily

affected by light, make a nuisance out of conduct of the adjoining defendant which would otherwise be harmless." Prosser, Torts (4th ed.) § 87, p. 579.

The plaintiff argues that, whether or not the defendant's use of lights was unreasonable with respect to other users in the vicinity, it was negligent for the defendant, knowing the peculiar sensitivity of the plaintiff to light, not to take precautions to avoid that harm in the installation of the lights. This argument assumes that the defendant's knowledge of the plaintiff's sensitivity to harm, without more, imposes a duty on the defendant to avoid a use of his property which will cause that harm. That is not the law. See *Rogers* v. *Elliott,* 146 Mass. 349. On the basis of the master's findings, it does not appear that this defendant was under any duty to restrict his use of lights so as to accommodate the special sensitivity of the plaintiff.

There is no suggestion in the master's findings that the defendant's use of the lights is "inspired solely [or even partly] by hostility and a desire to cause harm to the [plaintiff]." Restatement: Torts, § 829.

*Decree affirmed.*