JOHN KASPER *vs.* H. P. HOOD & SONS, INC.

Middlesex.      March 5, 1935. — May 6, 1935.

Present: CROSBY, FIELD, DONAHUE, & QUA, JJ.

*Nuisance. Equity Pleading and Practice*, Master: findings.

Where the ultimate conclusion by a master in a suit in equity did not purport to be based solely on the subsidiary facts stated in his report, and the evidence was not reported, such conclusion must stand as binding upon the trial judge and this court on appeal, unless shown to be unsound by the subsidiary facts so stated.

A conclusion by a master, that the noise from the loading of wagons in the early hours of the morning in the summer at a milk distributing plant located in a general business zoning district was a nuisance with respect to nearby residences in or on the edge of a neighborhood mainly industrial in character, was inconsistent with his subsidiary findings, including findings that the noise, although sufficient to disturb people in ordinary health and of ordinary sensibilities, was not greater than was reasonably necessary.

BILL IN EQUITY, filed in the Superior Court on December 19, 1932.

The suit was referred to a master. Material findings by him are stated in the opinion. By order of *Walsh*, J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed.

*J. Finelli*, for the plaintiff.

*C. B. Rugg*, (*F. W. Crocker & W. F. Farr* with him,) for the defendant.

QUA, J. The question at issue is whether the defendant's milk distributing plant on Pleasant Street in Watertown, as

carried on by the defendant, is a nuisance from which the plaintiff is entitled to relief in equity.

The master has found that "So much of the plaintiff's [defendant's] business as consists of loading milk on wagons and trucks between 1:00 A.M. and 5:00 A.M. is a nuisance." This is an ultimate conclusion which embraces not only those findings of fact which must of necessity enter into the decision of such an issue, but also a ruling as to what facts are sufficient in law to constitute a nuisance under the circumstances disclosed. The evidence is not reported, and the master does not state that his conclusion is based solely upon the subsidiary facts found. It follows that the trial judge was bound by the master's conclusion, and, on appeal, we are bound by it, unless the subsidiary findings included in the report are sufficient in themselves to demonstrate that the conclusion must be unsound in law. *Morrell* v. *Kelley*, 157 Mass. 126. *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576, 580. *Arcisz* v. *Pietrowski*, 268 Mass. 140, 146. *MacLeod* v. *Davis*, 290 Mass. 335, 337–338. The precise question then is whether the master's findings of particular facts show that the defendant's plant is not a nuisance.

These findings may be summarized as follows: The plaintiff owns two "duplex" houses and one three-family house, all bearing consecutive numbers on the street. The defendant's plant is on the other side of the street nearly opposite. The nearest point of the defendant's loading platform is distant from the plaintiff's houses respectively one hundred fifty feet, one hundred seventy feet and two hundred twenty feet. Between Watertown Square and the plaintiff's land, the neighborhood is mainly, but not exclusively, industrial in character. Next to the plaintiff's land toward Watertown is a brick tenement house and beyond that a small single house. In the other direction there are no houses on the plaintiff's side of the street for half a mile. The property immediately adjoining the plaintiff's land belongs to the town, and is used as a dump. On the defendant's side of the street there is a single family house on the lot next the defendant's property and another single

family house on the defendant's land. The houses above mentioned are the only dwellings for a distance of about a quarter of a mile toward Watertown and about a half mile in the opposite direction. Pleasant Street is paved with concrete. The Watertown Branch of the Fitchburg Railroad bounds the defendant's property in the rear. The zoning ordinance of the town permits the use of the defendant's land for general business purposes. The defendant's plant consists of a wagon shed, a stable and the distributing station. There is a large loading platform in the rear. The adjoining yard and driveway are of concrete. During the day bottled milk is brought to the plant. In the summer time the first teams for deliveries come to the loading platform about one o'clock in the morning, and there is activity in loading until about six o'clock. Thirty-five different routes are served by this station employing eighteen single-horse wagons and three two-horse teams, together with some light delivery trucks. The cases of bottles are piled on low trucks with wheels, which are pushed from the milk chest in the station to the vehicles waiting at the edge of the platform. Each truck holds thirty-six cases. Noise is made by glass striking against glass, by bottles striking the sides of the cases and the wire partitions, by cases bumping together, by the truck wheels going over the floor of the platform and by men calling to each other. The noise is distinctly audible in the houses, and in the summer time is enough to disturb the sleep of a person in ordinary health and of ordinary sensibilities. It has in fact disturbed the sleep of the plaintiff, his family and tenants. During the winter, however, when loading does not begin until about five o'clock in the morning and when windows are not open so much, there is no interference with comfort. The defendant does not make any more noise than would be ordinarily and reasonably necessary in carrying on such a business. It has built a wooden fence twenty-two feet high along a portion of the side of the yard, but this has not reduced the noise to the extent that it no longer disturbs persons in the plaintiff's houses. The whole loading area could be enclosed and the noise deadened so that it

would not be disturbing at a total cost of between $13,000 and $14,000. The gross volume of the business conducted by the defendant from this plant is approximately $67,000 per month. The plaintiff bought his property in 1928 for $15,000 and has since erected a garage at a cost of $1,500. It does not appear when the houses were built. The defendant constructed its buildings in 1931. The plaintiff has been careful about the upkeep of his houses and has lost no rent. The master states that there is no sufficient evidence to show either present or prospective loss in income and that although the plaintiff's property has depreciated in value due to economic conditions, "To attempt to fix any portion of the depreciation as caused by the distributing plant would be the merest guesswork." He awards no damages for injury to the plaintiff's property. He further finds that there has been no physical injury or suffering of sufficient degree to warrant the awarding of any damages.

There is no hard and fast rule as to what does and what does not amount to a nuisance. It is largely a matter of degree and of the relationship of various factors to each other. That a noise is disagreeable and disturbing to ordinary people is not enough. It must also be unreasonable under all the circumstances. The character of the locality is a circumstance of great importance. The governing principles have been explained fully in *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 488, and again in *Tortorella* v. *H. Traiser & Co. Inc.* 284 Mass. 497.

With these principles in mind, we are of opinion that the master's findings of particular facts show that the defendant's business is not a nuisance, notwithstanding his general finding. The plaintiff's property is either in or on the edge of a neighborhood mainly industrial in character. While the precise findings are somewhat meager as to what if any buildings are now in the immediate vicinity other than those mentioned above, it does appear that there are conditions other than the defendant's business which tend to make the vicinity less desirable for residence purposes. The defendant's business causes discomfort only part of the year.

The master reports that he is unable to find any damages either for injury to the plaintiff's property or for his personal discomfort, although the plaintiff put both in issue by his bill. The defendant's land is zoned in a general business district. The defendant conducts its business without any more noise than is reasonably necessary, if such a business is to be carried on there. It has built a high fence to reduce the noise. It can do no more without large construction at an expense approaching the cost to the plaintiff of his property. *Ferriter* v. *Herlihy*, 287 Mass. 138, to which this case bears some superficial resemblance, was a stronger case for the plaintiff in every aspect.

While the question is close, we are inclined to the view that the annoyance to the plaintiff is not, under the conditions shown, so serious as to be unreasonable and that it does not amount to what the law regards as a nuisance.

*Decree affirmed.*