GLADYS WEINBERG *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.    February 4, 1965. — March 4, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Variance, Ordering verdict. *Negligence,* Street railway:
defective condition of highway. *Evidence,* Opinion: expert. *Proximate Cause.*

A finding of negligence of a street railway toward a passenger in discharging her from a streetcar at a place not reasonably safe, whereby her ankle was injured, was warranted even if the place of injury was on a public street and not on premises under the railway's control. [669-670]

No question of variance was open in this court on an exception by the defendant in an action to the denial of a motion for a directed verdict not based on the pleadings. [670]

A request for an instruction to the jury which adequately brought a relevant issue in the action to the attention of the judge required an appropriate instruction on that issue to be given. [670-671]

Expert medical testimony was required at the trial of an action for determination of the question whether there was a causal connection between an injury to the plaintiff's ankle through negligence of the defendant and shortness of breath in walking and varicose veins which the plaintiff testified she had at the time of the trial some seven years after the ankle injury. [671]

TORT. Writ in the Municipal Court of the City of Boston dated September 27, 1955.

After removal to the Superior Court the action was tried before *Tauro,* J. The defendant alleged exceptions following a verdict for the plaintiff.

*James C. Roy* for the defendant.

*Thomas B. Shea* for the plaintiff.

CUTTER, J. In this action of tort, upon the report of an auditor, who found for the defendant (now the MBTA; at the time of the accident, the Metropolitan Transit Authority), and other evidence, there was a verdict for the plaintiff, later reduced by remittitur.

1. A motion for a directed verdict was correctly denied.

The jury would have been warranted in finding that MBTA negligently discharged the plaintiff from a streetcar at a point on Causeway Street in Boston, not reasonably safe (*Brown* v. *Metropolitan Transit Authy.* 341 Mass. 690, 693), and that she suffered injuries to her ankle with subsequent effects elsewhere. Any variance was immaterial for the motion was not based upon the pleadings. *Snow* v. *Metropolitan Transit Authy.* 323 Mass. 21, 24. See *Cheng* v. *Chin Wai Yip*, 339 Mass. 173, 174–175.

2. It was not error to refuse a request for a ruling that there must be a verdict for MBTA if the plaintiff fell upon premises not controlled by MBTA. The request did not clearly present any issue of variance and, on the evidence, a verdict for the plaintiff was warranted even if the injury occurred on a public street.

3. The evidence warranted a finding that the plaintiff suffered some immediate injury and an award of some damages could be made. *McAuliffe* v. *Metcalfe*, 289 Mass. 67, 69. The plaintiff, however, was allowed to testify as to certain physical consequences existing at the time of the trial (about seven years after the accident), apparently without objection and without any request that such evidence be admitted only subject to a later showing by medical testimony of causal connection between the original injury and those consequences. She testified, in this respect, that "at the present time she has pain up the side of her leg"; that if "I walk up six steps I get out of breath and stop and hold on to the banister . . . [w]hen I walk up the street it seems to draw on the muscles . . . until it hits me right here in the hip"; that, in contrast to the situation before the accident, there are "veins in my leg now and the veins are sticking out" with discoloration "and the bone doesn't seem the same"; that "all during that [seven year] period she had pain due to her accident"; and that since the accident she has had varicose veins which "got bad in 1958," three years after the accident.

MBTA, obviously with reference to this testimony, requested a ruling that "The causal relation between the

plaintiff's injury on June 15, 1955 and the incapacity which the plaintiff alleges still existed as of . . . this trial is a matter beyond the common knowledge of the jury and must be established by expert medical testimony.'' Although the plaintiff contends that this requested ruling is too broad, we think that it adequately brought to the attention of the judge a relevant issue (see *Higgins* v. *Pratt,* 316 Mass. 700, 712) and that an appropriate instruction should have been given. It is specifically tied down to her incapacity on the day of the trial. Whether a fracture of the ankle could give rise to such consequences, described by the plaintiff, as varicose veins and shortness of breath cannot be said to be a matter of common knowledge. Causal relationship between the accident and at least these symptoms at the time of the trial could not be established without medical testimony. See *Benavides* v. *Stop & Shop, Inc.* 346 Mass. 154, 157–158; *Casey's Case, ante,* 572, 574. Cf. *Josi's Case,* 324 Mass. 415, 417–418. There must be a new trial confined to the issue of damages. Other requests relating to the necessity of medical testimony seem to us to have been too broadly expressed.

*Exceptions sustained.*