NORMAN GOSSELIN *vs.* JOHN A. LETOURNEAU. May 6, 1968. In this action of tort for personal injuries and property damage sustained by the plaintiff in an automobile accident, the jury returned a verdict for the plaintiff. The case is here on the defendant's exceptions to the admission and exclusion of evidence and to the judge's instructions to the jury. The trial judge admitted the plaintiff's testimony as to what treatment his doctor prescribed, and that after speaking to the doctor he obtained a brace which he still wore at the time of the trial, some four years after the accident. The judge instructed the jury that it was for them to determine whether the wearing of the brace was a result of the injuries sustained in the collision. We see no merit in the defendant's contention that the plaintiff's testimony as to the doctor's instructions was hearsay. The "truth of the matter" — i.e., what treatment was prescribed — could certainly be shown through the plaintiff. Whether the brace still alleviated the effects of the plaintiff's injuries was a matter of common knowledge and within the jury's competence. The facts here are readily distinguishable from those in the case of *Weinberg* v. *Massachusetts Bay Transp. Authy.* 348 Mass. 669, cited by the defendant. The judge excluded a portion of the Rules and Regulations of the Registry o Motor Vehicles as "not applicable." In the instant case the plaintiff was entering a State highway from a ramp. This situation was not encompassed in the rule in question, which governs "starting, stopping, turning . . . backing."

*Exceptions overruled.*

The case was submitted on briefs.
*Robert A. Curley* for the defendant.
*John P. Forte* for the plaintiff.


HENRY E. WEISS *vs.* NANCY WEISS, cotrustee. May 6, 1968. The petitioner, son of the testator M. Murray Weiss, seeks the removal of Mrs. Nancy Weiss as cotrustee of a testamentary trust established for the benefit of Henry and Henry's children. The other trustee is a corporate fiduciary. Mrs. Weiss is the testator's widow and the stepmother of Henry. The petition alleges that Mrs. Weiss was hostile to Henry and unsuitable as cotrustee, and was unreasonable in withholding approval of expenditures relating to the education of one of Henry's two children. Under the will the trustees were given discretionary power to apply the income of the trust to educating Henry's children, their "decision . . . to be final and binding on all persons." The judge made extensive findings of fact and dismissed the petition. Henry appeals. The evidence is reported. The issue is whether the judge was plainly wrong. *Malone* v. *Walsh*, 315 Mass. 484, 490. His ultimate findings were that (a) Mrs. Weiss is acting in a good, sound, discretionary manner, (b) she is working for the best interest of all concerned, and (c) if there is any hostility it comes from Henry and not from Mrs. Weiss. A reading of the transcript shows that findings (a) and (b) are supported by the evidence and are not plainly wrong and that finding (c) more precisely should be that such hostility as exists between Henry and Mrs. Weiss originated with Henry after his father's death and is shown mainly by him. The factual situation is totally unlike that detailed in *Cooney* v. *Montana*, 347 Mass. 29. The evidence and the findings bring the case within the principles discussed and applied in *Shirk* v. *Walker*, 298 Mass. 251, 259, 260. Costs of appeal may be awarded by the Probate Court.

*Decree affirmed.*

*Lee H. Kozol* (*Donald M. Budge* with him) for the petitioner.
*Sidney I. Kramer* for the cotrustee.