JAMES J. HARDIMAN, individually and as trustee,
vs. JAMES J. HARDIMAN, JR., & another.[1]

Middlesex.    December 18, 1980. — March 30, 1981.

Present: ARMSTRONG, GREANEY, & DREBEN, JJ.

*Practice, Civil*, Master: findings, report.    *Trust*, Removal of trustee.

After confirmation of a master's report which included the master's rec-
   ommendation that the defendants be removed as cotrustees of a trust
   of which both the defendants and the plaintiff were beneficiaries and
   cotrustees, the judge was not required to adopt the master's recom-
   mendation but was free to exercise his own discretion as to the proper
   remedy in the circumstances.    [628-629]

CIVIL ACTION commenced in the Superior Court on Feb-
ruary 9, 1976.

The case was heard by *Connolly*, J., on a master's report
and entry of judgment was ordered by *Linscott*, J.

*Dennis J. Berry* for the plaintiff.

*Francis E. Jenney* for the defendants.

DREBEN, J.    A judgment, entered after adoption of a
master's report, did not include a provision recommended
by the master that the defendants be removed as cotrustees
of a trust.    The plaintiff appeals, claiming that the judg-
ment was impermissibly inconsistent with the report.    We
affirm the judgment.

The plaintiff and his wife[2] established the Elm Street
Realty Trust in 1971.    The income beneficiaries were the
donors and their two sons, who are the defendants in this

---

[1] Robert J. Hardiman.    Both defendants are sued individually and as
trustees of Elm Street Realty Trust.

[2] The wife of the plaintiff (the mother of the defendants) was originally
a plaintiff, but the action, on her motion, was dismissed as to her.

action, and the remainder beneficiaries were the two sons. All four beneficiaries were named as trustees. The trust instrument gives the trustees the power to amend or terminate the trust.

Friction developed between the plaintiff and his sons, and in 1976 he brought this action claiming a breach of fiduciary duties by the sons. He sought, inter alia, an accounting and the removal of his sons as cotrustees. The matter was referred to a master, and his report was adopted. Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). A motion by the defendants to strike portions of the report was denied. The report contained numerous subsidiary findings which effectively disposed of most of the plaintiff's claims. However, the master's "General and Ultimate Findings" concluded that the defendants individually have "personal interests[3] which are adverse" to the plaintiff's beneficial interest, that "hostility exists" between the plaintiff and the defendants "that is inimical to a fair administration of their duties by [the sons] as co-trustees of the trust . . .," and "I find that in the best interest of the plaintiff . . . as a lifetime income beneficiary of the trust the defendants . . . [should] be removed as co-trustees."

A judgment was entered (by a judge other than the judge who adopted the report) which included certain of the master's recommendations[4] but which failed to remove the sons as cotrustees. Since the plaintiff's brief addresses only the failure of the judgment to remove his sons as cotrustees, we discuss only that issue. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

---

[3] Corporations, the stock of which is owned individually by the sons (a gift from their father), leased the property owned by the trust.

[4] The master also stated: "I find that the plaintiff . . . is to be permanently enjoined from interfering with the quiet enjoyment of the trust property rented to the taxi co. and the liquor co. [the corporations owned by the sons] . . .." The judgment enjoined the plaintiff from interfering with the operation of the taxi company and the liquor company and also enjoined him from interfering with the quiet enjoyment of the property rented to the two businesses.

The plaintiff urges that the judgment was inconsistent with the master's report, and, citing *Kasper* v. *H. P. Hood & Sons*, 291 Mass. 24, 25 (1935), argues that the second judge was bound by the master's ultimate findings and conclusions "unless the subsidiary findings included in the report are sufficient in themselves to demonstrate that the conclusion must be unsound in law." *Ibid.* We think the plaintiff does not perceive the issue before us. The question here is not whether the judge is free to reject the master's ultimate findings of fact and to draw his own inferences from the master's subsidiary findings.[5] What is here involved is whether the judge acting on the report is required to accept a master's recommendation as to the remedy in circumstances where the remedy is one which is left to the judge's sound discretion. To give the master's disposition any weight beyond that of a recommendation would be an abdication of the judicial function. "The main object of referring a suit to a master is to have the facts settled by him . . . ." *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975), quoting from *Shelburne Shirt Co.* v. *Singer*, 322 Mass. 262, 265 (1948). The confirmation of a master's report simply establishes the facts in an action, and it remains for the trial judge to enter the proper judgment on the facts as found and on the law as applied thereto. *Foot* v. *Bauman*, 333 Mass. 214, 219 (1955). In proposing relief, the master went beyond the matters referred to him. "His rulings or suggestions concerning what would be a proper [judgment] were outside the scope of his duty." *Dowd* v. *Capetown House, Inc.*, 353 Mass. 244, 246 (1967). Greaney, Trials Before Masters: A Procedural and Substantive Primer for the Practicing Lawyer, 63 Mass. L. Rev. 195, 207 (1978). The master's conclusions of law do not determine the legal effect of the facts found by him and, a fortiori, do not determine the choice of remedy where such choice lies within the discretion of the trial judge.

---

[5] See in this connection *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 660 (1975); *Jones* v. *Wayland*, 374 Mass. 249, 255 (1978); *Bills* v. *Nunno*, 4 Mass. App. Ct. 279, 283-284 (1976).

A petition for the removal of a trustee "is addressed to the reasonable discretion of the court." *Shirk* v. *Walker*, 298 Mass. 251, 259 (1937), and cases cited. See also G. L. c. 203, § 12.[6] Removal is not required, as matter of law, even where there is hostility between the trustees and the beneficiaries. This is particularly true where, as here, the donor himself has chosen the trustees. *Shirk* v. *Walker*, *supra* at 259. As the court pointed out in that case, at 260, "We do not doubt that such hostility may sometimes, in and of itself, be a sufficient cause for removal, although the trustee is without fault [citation omitted]. But the existence of hostile feeling on the part of beneficiaries," and we add, or on the part of the trustees, or both, "does not relieve the court of its duty to exercise its best judgment under all the circumstances." *Ibid.*

There is here no indication that the judge failed to do so, and we cannot conclude that his decision was erroneous. *Weiss* v. *Weiss*, 354 Mass. 761 (1968). The sons were also beneficiaries of the trust and, in fact, had a larger beneficial interest than did the plaintiff, as they were remaindermen. In the absence of a reconciliation as long as either the plaintiff or his sons were acting as trustees, there would be hostility between the beneficiaries and the trustees. Moreover, the trust instrument permits the trustees (at least the original trustees) to terminate the trust. The judge could well have concluded that permitting the sons to continue as trustees left it open to the parties to resolve their difficulties through the negotiation of a termination of the trust.

Accordingly, we perceive no error in the failure to remove the sons as trustees.

*Judgment affirmed.*

---

[6] General Laws c. 203, § 12, as amended by St. 1954, c. 478, § 3, provides in relevant part: "The . . . superior court . . . may, upon petition of a party beneficially interested in a trust . . . remove the trustee if it finds that such removal is for the interests of the beneficiaries of the trust."