WILLIAM I. NOLAN vs. KENNETH I. PARKER & others.[1]

Bristol. January 11, 1983. — March 16, 1983.

Present: HALE, C.J., ROSE, & WARNER, JJ.

*Negligence*, Municipality. *Municipal Corporations*, Liability for tort,
    Enforcement of building code. *Evidence*, Prior consistent statements.
    *Practice, Civil*, Failure to make objection.

A town was not liable under G. L. c. 258 to one who had suffered person-
    al injury and property damage as a result of a fire for any negligence
    by its building commissioner in the enforcement of the State Building
    Code and certain provisions of the General Laws and the town's by-
    laws. [477-478]
In an action against the owner of a building by a tenant seeking damages
    for personal injury and loss of property, any error in the admission in
    evidence of a prior statement from the plaintiff's testimony before a
    grand jury was cured by limiting instructions and by striking, at the
    close of the evidence, all reference to the grand jury testimony. [479]
On appeal from a judgment in a civil action this court did not consider
    certain issues raised by the defendants, where the defendants had
    failed to make objection at trial respecting some of the issues and on
    appeal had failed to support others by adequate argument. [479-480]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 25, 1978.

The case was tried before *Taveira*, J.

*John J. Harrington* for Kenneth I. Parker & another.

*Robert C. Bliss*, Town Counsel, for the town of North
Attleborough.

*Gregory V. Sullivan* for the plaintiff.

WARNER, J.  The plaintiff sought damages for personal
injuries, loss of wages, and loss of personal property result-
ing from a fire on April 22, 1978, in a residential building in

[1] Monmat Enterprises, Inc., and the town of North Attleborough.

the town of North Attleborough. The plaintiff claimed that Monmat Enterprises, Inc. (Monmat), the owner of the building, was negligent in failing to comply with the State Building Code (promulgated pursuant to G. L. c. 23B, §§ 16-20) and the town by-laws, in failing to comply with orders of Paul Robichaud, building commissioner of the town, and in failing to register the building as a lodging house with the town's board of selectmen. The defendant Kenneth I. Parker was the principal officer and sole stockholder of Monmat. The plaintiff also claimed that pursuant to the Massachusetts Tort Claims Act, G. L. c. 258, as appearing in St. 1978, c. 512, § 15, and applying to causes of action arising on or after August 16, 1977, St. 1978, c. 512, § 16, the defendant town of North Attleborough (the town) was liable for Robichaud's alleged negligent non-enforcement of the State Building Code, provisions of the General Laws and the town's by-laws. At the close of the plaintiff's case, a verdict was directed for Robichaud as to his personal liability, and the plaintiff did not appeal. The jury returned verdicts for the plaintiff against Monmat, Parker and the town,[2] and they appealed from the ensuing judgments.

We summarize the relevant evidence, which is not in dispute. On March 26, 1978, after receiving a report of excessive trash near the sixteen unit residential building owned by Monmat, Robichaud drove by the premises. Although he saw no trash problem at that time, he entered the building the following day. He saw two men working on the electrical wiring and told them to stop work until they received a permit, and they did so. A few days later he met Parker and asked him to install emergency lights, smoke detectors and exit signs. After Parker purchased these materials, Robichaud returned to the building to suggest to Parker the proper locations for their installation. The items

---

[2] The jury, in answers to special questions, had found that each of the defendants was negligent and that the negligence was the proximate cause of the plaintiff's injuries and damages. See Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974).

had not been installed on the day of the fire, April 22, 1978. The fire began in the early morning in the second-floor unit of a tenant, when the heat from an unregulated toaster caused newspapers underneath the toaster to burn. The fire spread and the plaintiff, a tenant on the third floor, was awakened by screams. The heat and smoke prevented him from exiting his room, and several minutes later he jumped from a window. He received burns and personal injuries, and the personal property in his apartment was destroyed.

1. *The duty owed by the town.* The town argues that Robichaud was not negligent in enforcing applicable sections of the State Building Code or the town by-law, and that he had not violated the provisions of G. L. c. 143, which impose duties upon building commissioners. The town further argues that even if Robichaud were negligent, those laws and regulations impose upon the town no special duty to the plaintiff but only a duty to the public generally.

The judge denied the town's motions for directed verdicts and for judgments notwithstanding the verdicts,[3] explaining, in an extensive memorandum of decision, that the issue of the town's liability to the plaintiff for the negligence of the building commissioner was one of first impression, and ruling, in accord with a minority of the jurisdictions which had considered the comparable question, that the town may be held liable under G. L. c. 258, § 2. In *Dinsky* v. *Framingham,* 386 Mass. 801 (1982), decided just over a year after the judge's ruling, the Supreme Judicial Court considered the question and stated: "The issue of whether a municipality's failure to enforce a building code gives rise to a private cause of action is one of first impression for this court . . . . The traditional rule, that a building code is enacted for the benefit of the public and therefore that its violation does not give rise to a private right of action, continues to be followed by the majority of the States that have

---

[3] In submitting the case to the jury, the judge followed the practice generally recommended. See *Kalivas* v. *A.J. Felz Co., post* 482, 486 (1983).

considered the question." *Id.* at 805. After reviewing the decisions in other jurisdictions, the court concluded that it would adopt the majority rule, absent a showing of legislative intent in a particular case to create a private cause of action, and held that "there is nothing in either the General Laws or in the State Building Code which shows a legislative intent to impose liability on a municipality to individual property owners for the negligent issuance of building permits or the nonenforcement of the State Building Code." *Id.* at 809-810.

In *Dinsky*, the plaintiffs were owners of a single family residence on premises which had flooded due to improper drainage, and they alleged negligence in the issuance of building and occupancy permits. Here, the plaintiff was a tenant in a sixteen unit residential building who suffered injuries and damages as a result of a fire. The thrust of the plaintiff's complaint against the town is the alleged negligent nonenforcement of the State Building Code, statutes, and local regulations. There is nothing in those enactments which discloses a legislative intent to impose liability on the town in the circumstances of this case.[4] Assuming, without deciding, that there was sufficient evidence on which the jury could find the town negligent because of the action or inaction of Robichaud in inspecting the building or in the nonenforcement of applicable laws and regulations, under the rule laid down in *Dinsky*, the town's duty was to the public generally and did not include a special duty to the plaintiff. The town's motion for directed verdicts should have been granted.

---

[4] In *Dinsky* the court considered the State Building Code and G. L. c. 143, §§ 3 and 3A. In the instant case the judge also considered G. L. c. 143, §§ 6, 8 and 9, and the town's by-laws. Sections 6, 8 and 9 are substantially identical to §§ 124.1, 124.3 and 125.1 of the State Building Code, as they appeared in 1978. 780 Code Mass. Regs. §§ 124.1, 124.3 & 125.1 (1978). These sections have been renumbered as 123.1, 124.1 and 124.2 respectively in the 1980 Code. The town by-laws impose no relevant duties on the building commissioner substantially different from those dictated by the State Building Code and the statutes.

2. *Parker and Monmat.* Parker and Monmat in a common brief argue other issues in one continuous text of approximately nine pages, with no breakdown of the text into sections, or references in the text to indicate which contentions pertain to which issue. In addition, two or more issues are sometimes dealt with in the same paragraph. Were we to consider only those issues argued with adequate clarity, *Grozier* v. *Post Publishing Co.*, 342 Mass. 97, 101 (1961), the brief presents little that we need to consider. Nor does it sufficiently comply with Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), requiring the brief to "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor." Moreover, there is little or no merit to the issues which have been stated.

(a) *Grand jury testimony.* During direct examination, Robichaud read, over the objections of counsel for the town and counsel for Parker and Monmat, a prior statement from his testimony before a grand jury. We need not consider the claim of Parker and Monmat that the reading of this statement was error.[5] The judge repeatedly instructed the jury that prior statements and admissions of Robichaud were to be considered against the town only and not against Parker and Monmat. Moreover, at the close of the evidence, the judge allowed the plaintiff's motion to strike all references to the grand jury testimony and gave the jury clear instructions that they were not to consider it. The combined effect of these instructions was more than sufficient effectively to withdraw the grand jury testimony from the jury's consideration insofar as Parker and Monmat were concerned.

(b) *Admissibility of statutory and regulatory material.* Parker and Monmat complained about the admissibility and relevance of certain sections of the State Building Code, the town by-laws, and the General Laws which were read by Robichaud during his testimony or given in the charge to

---

[5] The town made a similar claim, but we need not consider the effect of this testimony on the town in view of our disposition of its appeal.

the jury. These provisions either were stipulated as applicable to the case (see, e.g., *Perkins Sch. for the Blind* v. *Rate Setting Commn.*, 383 Mass. 825, 830 n.5 [1981]) by the plaintiff and the town in the presence of counsel for Parker and Monmat who did not object (see, e.g., *Drinkwater* v. *D. Guschov Co.*, 347 Mass. 136, 140 [1964]), were read by Robichaud without objection, or were given in the charge without objection.[6] The failure to object left nothing for our consideration. See *Freyermuth* v. *Lutfy*, 376 Mass. 612, 616-617 (1978); *Abraham* v. *Woburn*, 383 Mass. 724, 732 (1981); *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket*, 5 Mass. App. Ct. 206, 207 n.2 (1977).

(c) *Other matters.* Parker and Monmat offered no objections to the charge defining a landlord's duty to tenants; hence we need not consider their contentions pertaining to the inadequacy of the charge. *Abraham* v. *Woburn, supra* at 732. The testimony of an assistant district attorney with respect to criminal charges brought against Parker, which was elicited during cross-examination by their counsel, cannot now be questioned for the first time by Parker and Monmat. The vague allegations pertaining to other testimony of the assistant district attorney, the absence of evidence of proximate causation, and the contention that the judge erred in not granting directed verdicts for Parker and Monmat are supported by nothing that can be considered argument. Thus, we do not consider them. See *Lolos* v. *Berlin*, 338 Mass. 10, 13-14 (1958); *Grozier* v. *Post Publishing Co.*, 342 Mass. at 101; *Moskow* v. *Boston Redevelopment Authy.*, 349 Mass. 553, 568 (1965), cert. denied, 382 U.S. 983 (1966); *J.L. Vaughn Heating & Engr. Co.* v. *Cantor*, 3 Mass. App. Ct. 709, 710 (1975); *Trani's Case*, 4 Mass. App. Ct. 857, 858 (1976).

---

[6] In one instance a town by-law was read by counsel for the plaintiff over objection. The judge instructed the jury in his charge that "what might have come to your attention by way of . . . statements made by counsel who are not under oath is not evidence." Subsequently the judge read the same by-law without objection.

With respect to the town, the judgments are reversed and judgments are to be entered for the town. The judgments with respect to Monmat and Parker are affirmed.

*So ordered.*