Avis L. Bennett *vs.* Gordon G. Bennett. April 27, 1983. Dr. Bennett is an orthodontist. He is employed by a professional corporation of which he is the sole shareholder. When this divorce proceeding was tried he was forty-seven years old and his wife was forty-two. She was granted a divorce and was awarded very substantial alimony, child support, provision for educational expenses of the children of the marriage, and a division of property (G. L. c. 208, § 34). We cannot say that the subsidiary findings of the probate judge were not justified by the conflicting evidence or that his conclusions on those findings were clearly erroneous, although they do raise doubts whether Dr. Bennett will be able to meet the obligations imposed upon him without incurring significant Federal and State tax liabilities.

Mrs. Bennett's attorney presented, through a certified public accountant, testimony concerning various tax and valuation considerations affecting (a) Dr. Bennett's professional corporation and distributions and loans

to him by that corporation; (b) his pension and profit sharing plan; and (c) his interest in commercial properties in Southborough. Dr. Bennett's trial attorney cross-examined this witness, but himself presented no expert evidence on relevant tax and valuation issues.

Dr. Bennett's present attorney concedes that the probate judge was under no obligation to consider the tax effects of his order upon the parties, absent a request (not here made) that he do so and the introduction of adequate evidence relevant to the tax issues. See *Rice* v. *Rice,* 372 Mass. 398, 402 n.4 (1977); *Angelone* v. *Angelone,* 9 Mass. App. Ct. 728, 732 (1980). See also *Langerman* v. *Langerman,* 9 Mass. App. Ct. 869, 870 (1980); G. L. c. 233, § 70. In the circumstances, we cannot say that the probate judge failed to consider the various criteria mentioned in G. L. c. 208, § 34, as appearing in St. 1977, c. 467.

It has not been established that the judge reached the result set out in the judgment because he (a) overvalued particular assets of Dr. Bennett or (b) overestimated income which the doctor could receive without incurring seriously adverse tax liability. Review of the alimony and support awards, however, may be sought, either in the context of a request for their revision because of changed circumstances or in connection with contempt proceedings based upon Dr. Bennett's inability to pay the judgment because of some unpredicted heavy tax liability. In any such event it may be appropriate to give attention to whether the original awards may have been made without sufficient consideration of possible tax consequences. We intend no suggestion whether or to what extent this need be done. Counsel should recognize that tax consequences are likely to be of great importance in a case where the availability of income to be divided may depend upon the tax consequences of somewhat sophisticated estate planning arrangements.

*Judgment affirmed.*

*Ernest B. Murphy* for Gordon G. Bennett.
*James G. Reardon* for Avis L. Bennett.