JEAN REGER ROBBINS vs. RYLAND EDWARD ROBBINS.

Hampden.  April 7, 1983. — September 1, 1983.

Present: GRANT, KAPLAN, & WARNER, JJ.

*Divorce and Separation*, Division of property, Alimony, Attorney's fees.

This court upheld a division of property in a divorce action, made by the
    judge pursuant to G. L. c. 208, § 34, on the basis of findings by a
    master, despite the wife's contention that the award to her was inade-
    quate in view of the husband's substantial assests. [578-579]
Although the master appointed in a divorce action recommended in his
    report that the husband pay $10,000 to the wife so that she could pur-
    chase an automobile, it was within the judge's discretion to order the
    husband to make a $12,000 payment for this purpose. [579]
A finding by the master in a divorce action that the wife would need
    approximately $48,000 a year to meet expenses, which included pay-
    ment of premiums on an insurance policy on her husband's life, did not
    limit the judge's discretion to order the husband to maintain the life in-
    surance policy for the wife's benefit in addition to the payment of
    $48,000 as alimony. [579-580]
In the circumstances, the judge in a divorce action did not abuse his dis-
    cretion in denying the wife's motion for relief from judgment based on
    discovery that, in litigation between the Internal Revenue Service and
    a corporation of which the husband owned 80% of the stock, a settle-
    ment favorable to the corporation had been approved. [580-581]
This court set aside an award of $40,000 to the attorney for the wife in a
    divorce case where there was nothing in the record on which to
    evaluate the services performed by the attorney. [581-582]

COMPLAINT for divorce filed in the Hampden Division of
the Probate and Family Court Department on August 8,
1979.

The case was heard by *Placzek*, J., on a master's report.

*John I. Robinson (David J. Martel* with him) for Jean
Reger Robbins.

*Edward J. Barry* for Ryland Edward Robbins.

WARNER, J. This action for divorce was referred for hearing to a master, who made subsidiary and "ultimate" findings of fact. Both parties filed motions to sustain their objections to the report, which were denied by the probate judge except for one objection made by the defendant which is not here relevant. The judge adopted the report as modified. The evidence was not reported.[1]

The master's "ultimate findings," which were no more than recommendations,[2] suggested that the plaintiff be granted a divorce, that the defendant pay her alimony of $48,000 annually ($4,000 monthly), that he pay an additional $10,000 to the plaintiff for the purchase of an automobile, that he maintain the plaintiff's medical insurance coverage, and that he assign to the plaintiff a portion of his estate consisting of stock of two closely held corporations.[3] The judgment of divorce nisi incorporated the master's recommendations except for the following: the defendant was ordered (1) to pay the plaintiff $12,000 for the purchase of an automobile; (2) to "keep in force and maintain his ex-

---

[1] Although the parties submitted to this court a transcript of the hearing before the master, that transcript is not a part of the record, and we have not considered it. No provision was made in the order of reference for reporting the evidence. Mass.R.Dom.Rel.P. 53(e)(1) (1975). (The hearings were held before rule 53 was amended on May 25, 1982, effective July 1, 1982.) See *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975); *Jet Spray Cooler, Inc.* v. *Crampton*, 377 Mass. 159, 161 n.4 (1979). General Laws c. 215, § 18, has no application to hearings before a master.

[2] The master's "ultimate findings" were statements of the suggested remedy. Such statements are recommendations which are not binding on the judge. See *Hardiman* v. *Hardiman*, 11 Mass. App. Ct. 626, 628 (1981). See also *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 660 (1975); *Jones* v. *Wayland*, 374 Mass. 249, 255 (1978).

[3] The defendant was ordered to transfer to the plaintiff: (1) all of his shares of stock of Sunshine Realty Corporation, wholly owned by him, which the master found had net book value of $400,000 as of January 31, 1979, and (2) twenty two and one-half of his shares of stock in Sales Leadership Club, Inc., a company which the master found had a net book value of $2,424,000 as of August 31, 1979. After the latter transfer the defendant would also own twenty two and one-half shares, with the remaining ten shares being held by an unrelated third party. See *O'Hara* v. *Robbins*, 13 Mass. App. Ct. 279 (1982).

isting insurance policy . . . in the amount of one hundred fifty thousand . . . dollars for the benefit of [the] plaintiff"; and (3) to pay to the plaintiff's counsel $40,000 for counsel fees.[4] Both parties filed motions under Mass.R.Dom.Rel.P. 60(b) (1975), for relief from the judgment. After separate hearings the judge denied both motions. Both parties appealed from the judgment of divorce nisi and the denials of the motions for relief from the judgment.

The plaintiff argues that the division of property, pursuant to G. L. c. 208, § 34, was inadequate in view of the defendant's substantial assets. Specifically, she says that she should have received a larger portion of the stocks of the defendant's closely held corporations[5] or a larger award of alimony. She also contends that the judge erred in not granting her rule 60(b) motion on the ground that there was newly discovered evidence of a tax settlement with the Internal Revenue Service which significantly increased the value of the defendant's assets. The defendant argues that the judge erred in not following the recommendations of the master pertaining to the orders with respect to the automobile and life insurance and in awarding counsel fees.

1. "General Laws c. 208, § 34, confers broad powers on the court to make an equitable division of property incident to a divorce proceeding." *Loud* v. *Loud,* 386 Mass. 473, 474 (1982). See *Rice* v. *Rice,* 372 Mass. 398, 400-401 (1977); *Ross* v. *Ross,* 385 Mass. 30, 36 (1982); *Newman* v. *Newman,* 11 Mass. App. Ct. 903 (1981); *Mancuso* v. *Mancuso,* 12 Mass. App. Ct. 973, 974 (1981). No specific formula need be followed to fashion an equitable judgment. *Belsky* v. *Belsky,* 9 Mass. App. Ct. 852, 853 (1980). In adopting the master's findings, the judge made findings on

---

[4] Prior to the divorce the parties sold the marital home, and each received $90,000 from the proceeds.

[5] Excluding shares to be redeemed, the defendant owned approximately eighty percent of the stock of a third closely held company, Sunshine Art Studios, Inc., which the master found had a net book value of $9,453,000 as of June 30, 1979.

all of the mandatory and discretionary factors enumerated in § 34. See *Ross* v. *Ross, supra* at 35 & n.3, 36. Mass.R.Dom.Rel.P. 52(a) (1975). The weight to be given to each of the § 34 factors is for determination by the judge. *Id.* at 37. The master, and we may assume the judge, very appropriately gave consideration to the tax impact of orders for alimony and the transfer of stock. See *Sheskey* v. *Sheskey, ante* 159 (1983). Contrast *Bennett* v. *Bennett,* 15 Mass. App. Ct. 999 (1983). While we might be inclined as an original matter to reach different results, we cannot say that the orders entered were not within the broad discretion conferred upon the judge. See *Loud* v. *Loud, supra* at 474-475; *Ross* v. *Ross, supra* at 36-37; *Belskey* v. *Belskey, supra*; *Earle* v. *Earle,* 13 Mass. App. Ct. 1062, 1063 (1982). Compare *Zildjian* v. *Zildjian,* 8 Mass. App. Ct. 1, 2, 14-17 (1979) (award leaving wife "at most only marginally independent" considered insufficient in view of husband's assets).

2. The judge's order requiring the defendant to pay the plaintiff $12,000 so that she could purchase an automobile was also within his discretion. The master's findings stated that the plaintiff had the use of two automobiles, which he described by make and year, neither of which belonged to her. Although the master recommended the payment of $10,000 for the purchase of an automobile, the judge was not required to adopt his recommendations. See *Ross* v. *Ross, supra* at 38; *Hardiman* v. *Hardiman,* 11 Mass. App. Ct. 626, 628 (1981). The judge could draw on his own knowledge and experience in determining the approximate cost of an automobile which would be comparable to those the plaintiff had been accustomed to driving. See *Richmond* v. *Richmond,* 340 Mass. 367, 369 (1960).

It was also within the judge's discretion to require the defendant to maintain a life insurance policy for the plaintiff's benefit, even though this had not been recommended by the master. See *Ross* v. *Ross, supra* at 38. The master found that the plaintiff, "to maintain [her] home, travel, make gifts to her children as was her custom in the past, . . . to

pay prospective income taxes on alimony to be awarded, and to maintain premiums on one of the life insurance policies owned by her on her husband's life, . . . will need approximately $48,000.00 per year . . . ." This finding did not limit the judge's discretion to order the maintenance of the life insurance policy in addition to the payment of $48,000 as alimony. Under § 34, need is only one of several factors to be considered in determining the amount of alimony. See *Ross* v. *Ross, supra* at 35 & n.3, 36.

3. The defendant's motion for relief from the judgment did not assign any reason permitted by Mass.R.Dom.Rel.P. 60(b) (1975), or any other rule. It sought relief from all orders in the judgment except for that granting the divorce. As such it appears to be a motion for reconsideration and was timely filed. See Mass.R.Dom.Rel.P. 59(e) (1975). On appeal, the defendant questions only the orders which differ from the master's recommendations, which we have dealt with in part 2 above, and the award of counsel fees to the plaintiff. The matter of counsel fees will be discussed below.

4. The plaintiff's rule 60(b) motion, filed ten days after the judge denied the defendant's motion for reconsideration stated grounds under rule 60(b)(2), (3) and (6). Only the grounds under rule 60(b)(2), newly discovered evidence, are argued on this appeal.[6] The alleged newly discovered evidence consisted of the plaintiff's discovery that a tax settlement between Sunshine Art Studios, Inc. (Sunshine) (see note 5, *supra*) and the Internal Revenue Service, which appeared to be very favorable to Sunshine, had been finally approved. This settlement, argues the plaintiff, left Sunshine, of which the defendant owned approximately eighty percent, with a net book value of over $8,000,000.

Assuming, without deciding, that the plaintiff stated sufficient grounds for relief under rule 60(b)(2), the judge did

---

[6] The plaintiff's fleeting reference in her brief to rule 60(b)(3) does not raise an issue on this appeal. See *Lolos* v. *Berlin*, 338 Mass. 10, 13-14 (1958); *Nolan* v. *Parker*, 15 Mass. App. Ct. 475, 480 (1983).

not abuse his discretion in denying the motion. The master found that at the time of hearings before him Sunshine was in litigation on assessments for Federal taxes and interest in an amount in excess of $17,000,000, an amount which greatly exceeded the net book value of the company.[7] No evidence was offered to the master on the prospects of settlement or the outcome of the litigation. He found that there was "no lien against corporate assets," and that any transfer of stock of Sunshine would result in substantial Massachusetts and Federal capital gains taxes. The judge adopted these findings. The judge stated and considered the terms and amount of the proposed tax settlement ($826,130 plus interest which the plaintiff says would bring the total figure to about $1,500,000) in his order denying the defendant's motion for reconsideration. A second hearing was held on the plaintiff's motion. The judge clearly had all the relevant evidence before him and considered it. There was no abuse of discretion. See *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.*, 369 Mass. 562, 565 (1976), and discussion in part 1 above.

5. The master made no finding or recommendation with respect to counsel fees. The judge ordered the defendant to pay $40,000 to the plaintiff's attorney "for services rendered to [her] in this proceeding," but he made no finding pertaining to those services. The plaintiff concedes in her reply brief that "the record before this Court is barren of any number of hours spent or dollar amount of expenses. . . ." The only mention of counsel fees that is before us is contained in an excerpt from a transcript of a proceeding held on November 20, 1981.[8] At that proceeding the judge dis-

---

[7] The master also found that there was an assessment against Sunshine by the Commonwealth of Massachusetts in the approximate amount of $1,000,000, plus interest. The record is silent as to the disposition of this matter.

[8] That transcript excerpt is an exhibit attached to the defendant's motion for stay pending appeal which was argued before a single justice of this court. We take judicial notice of this exhibit. See *Brookline* v. *Goldstein*, 388 Mass. 443, 447 (1983); *Flynn* v. *Brassard*, 1 Mass. App. Ct. 678, 681 (1974).

cussed with counsel a prior conversation concerning counsel fees. The judge said that the issue of counsel fees had been discussed during that conversation, but he said: "[T]here was not a formal hearing, and [the plaintiff's counsel] was not subject to cross-examination." He noted that the defendant had objected to the discussion of counsel fees during that conversation. The defendant asked for an evidentiary hearing on the issue, but none was held.

"We recognize that a calculation of attorney's fees requires an exercise of judgment involving the application of many factors, and that any award made will be entitled to considerable respect on review." *Kane* v. *Kane,* 13 Mass. App. Ct. 557, 560 (1982). See *Ross* v. *Ross,* 385 Mass. at 38-39. The standards to be applied in making such awards are well established. See *Hayden* v. *Hayden,* 326 Mass. 587, 596-597 (1950); *Kane* v. *Kane, supra* at 560. There is no requirement of a full evidentiary hearing to establish the amount of counsel fees. *Ross* v. *Ross, supra* at 38. "As long as the amount awarded is not incommensurate with an objective evaluation of the services performed . . . '[t]he award of such costs generally rests in sound judicial discretion. . . . [T]he award . . . may be presumed to be right and ordinarily ought not to be disturbed.'" *Id.* at 38-39, quoting from *Smith* v. *Smith,* 361 Mass. 733, 738 (1972). We may affirm the award of counsel fees if the record provides an adequate basis upon which reasonably to evaluate the services performed, and if the award made is commensurate with the value of the services. *Ross* v. *Ross, supra* at 38-39. See *Hayden* v. *Hayden, supra* at 596; *Kane* v. *Kane, supra* at 560-561. The record before us does not facially support an award of counsel fees in the amount of $40,000.

6. The award of counsel fees to the plaintiff's attorney in the amount of $40,000 is vacated. In all other respects the judgment is affirmed. The question of the appropriate award of counsel fees is remanded for further proceedings in the Probate Court. Such an award may, in the discretion of the probate judge, include counsel fees and costs on these appeals.

*So ordered.*