Forte, J.
This action in tort was entered in the Superior Court Department and transferred to the Waltham Division of the District Court Department pursuant to Mass. G.L. c. 231, §102C.
At trial, there was evidence that on July 28, 1983, at 12:30 a.m., plaintiff Paul Mosca was involved in a motor vehicle collision with a vehicle driven by the defendant, Thomas Hartley. Following the accident, the plaintiff went to the Waltham Hospital, was x-rayed and given a prescription. The hospital's total charges for this visit were $177.00.
On August 12,1983, the plaintiff was involved in another motor vehicle collision with a third person, one MacLeod.
Except for the Waltham Hospital visit on July 28th, the first time the plaintiff sought medical care was on August 17,1983, at Dr. Gallitano's office, five days after *223 the second collision.
There was evidence of medical treatment by Dr. Gallitano on the following dates, August 17 and 26, 1983, March 9, 1984, three more in 1986, five in 1987. Backin 1978, Dr. Gallitano treated the plaintiff for back strain. Dr. Gallitano's impression as of September 25, 1983, was that the plaintiff was a “physically healthy male with chronic back strain.”
The plaintiff was an in-patient at the Waltham Hospital (Amesbury) from September 25, 1983, to October 1, 1983 and left against medical advice. The discharge diagnosis was: “Major affective disorder, depressed.
“Axis II - Personality disorder with some antisocial traits
“Axis III-Findshim physically healthy male with chronic back pain according to Dr. Gallitano.”
In 1986, Dr. Perchik x-rayed the plaintiff with the resulting diagnosis of:
“1. Transitional lumbosacral segment otherwise unremarkable lumbosacral spine and pelvis.
2. Arteriosclerotic changes in the wall of the abdominal aorta.This is an unusually (sic) finding in a patient whose stated age is 42 years. Is this patient a diabetic?”
There was evidence that the plaintiff was treated by the Lowey Chiropractic Health Centre in November, 1986 and in January, 1987.
The total medical bills introduced into evidence were:
1. Waltham Hospital $177.00
2. Dr. Gallitano $260.00
3. Lowey Chiropractic $434.00
The only medical expense clearly caused by the July 28,1983 accident was the hospital bill of $177.00 of July 28,1983.
There was no medical expert testimony indicating whether the accident of July 28,1983 or the accident of August 12,1983 caused or contributed to the plaintiffs injuries (or even aggravated a pre-existing condition) resulting in the medical expenses which began on August 17,1983 and continued through 1989.
There was evidence that the plaintiff received afinding of damages in the amount of $6,500.00 with interest of $2,688.68 in Mosca v. MacLeod, Superior Court #85-3798 (the August 12, 1983 collision).
At the close of the evidence, the defendant filed sixteen requests for rulings of law, of which four were denied.
The court found for the plaintiff in the amount of $6,500.00.The defendant claims to be aggrieved by the denials of his four requests for rulings.
For the purpose of this opinion, it is only necessary to discuss denial #12 which reads as follows:
12. This plaintiff has failed to establish reasonable and necessary medical services in excess of $500.00 as a result of his July 28,1983 accident, nor has hé established death, whole or part loss of a body part, whole or part permanent disfigurement, loss of sight or hearing or a fracture and thus as a matter of law he may not recover. Mass G.L. c. 231, §6D.
In an action in tort for personal injuries based on negligence, the plaintiff is entitled to recover for all damages ánd/or injuries causally connected to the negligence. “It is essential that the plaintiff prove a causal connection between the defendant's negligence and the injury or damage which he suffers”. NOLAN AND SARTORIO, TORTS 2nd edition (1989) p. 369; Soares v. Lakeville Baseball Camp, Inc., 369 Mass. 974 (1976).
“The general finding in favor of the plaintiff imports the drawing of all ratioñal inferences to support that conclusion which are permissible on the *224 evidence and the finding of all subsidiary facts conducing to that result of which the testimony is susceptible, and the finding must stand unless unsupported bv the evidence” (underlining supplied). New York Central R.R. v. Marinucci Brothers & Co. 337 Mass. 469, 471 (1958). In this case, there was no medical evidence that this collision was causally related to any injury or damage except the $177.00 Waltham Hospital bill. In view of the fact that no additional medical treatment or care was given until after the second collision, the question of causal relation between the first collision and the later medical treatment was left to conjecture. In the instant case, causal relationship is not a matter of common knowledge and could not be established without medical testimony. Weinberg v. Mass Bay Transportation Authority, 348 Mass. 669, 670 (1965). See Kaye v. Neuhall, 356 Mass. 300 (1969).
Therefore, the only unspeculative medical bill attributed to the first collision is the $177.00 Waltham Hospital bill. Such amount does not pass the threshold amount mandated by Mass. G. L. c. 231, §6D ($500.00 at the time of the collision) to permit the plaintiff to maintain this action.
Therefore, it was error to deny request'#12.
The finding for the plaintiff is vacated, and a finding'for the defendant is to enter.