MARY ANN ZOCCHI & another[1] vs. TOWN OF HINSDALE
& others.[2]

No. 90-P-1388.

Berkshire. May 10, 1991. - June 28, 1991.

Present: DREBEN, FINE, & GILLERMAN, JJ.

*Negligence*, Municipality. *Massachusetts Tort Claims Act. Municipal Corporations*, Liability for tort, Duty to prevent harm, Officers and agents.

A town was not liable to property owners under G. L . c. 258, § 2, for the negligence of its building inspector in giving the plaintiffs' contractor oral permission to build on their property when, under G. L. c. 131, § 40, the Wetlands Protection Act, such construction would not be permitted, where the plaintiffs had the initial burden of investigating the applicability of the Wetlands Protection Act and were in a position reasonably to have protected themselves from economic harm. [805-806]

CIVIL ACTION commenced in the Superior Court Department on December 5, 1989.

The case was heard by *Lawrence B. Urbano*, J., on a motion for summary judgment.

*Thomas J. Curley, Jr.*, for the plaintiffs.
*Douglas I. Louison* for the defendant.

FINE, J. The plaintiffs, owners of a parcel of land in Hinsdale, brought an action against the town of Hinsdale, among others, seeking damages as a result of their inability to develop the land. The plaintiffs alleged that the town was liable under G. L. c. 258, § 2, for the negligence of its building inspector in giving the plaintiffs' contractor oral permission to build on the property when, under G. L. c. 131, § 40, the Wetlands Protection Act, such construction would not be

[1]John Zocchi.
[2]William F. Daley, James Baumann, John DeAngelus, and Betty DeAngelus.

permitted. A Superior Court judge, relying on *Dinsky* v. *Framingham*, 386 Mass. 801, 804 (1982), and its progeny, allowed the town's motion for summary judgment, and final judgment was entered on the claim against the town pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

The judge based his decision on the following facts alleged in the complaint to which the town, for purposes of the motion, stipulated. The plaintiffs purchased land from a developer on which they wished to build a residence. In the fall of 1988, their contractor obtained oral permission from the town's building inspector to begin construction, and construction began. A written permit was issued in March of 1989. On February 5, 1989, however, the town's conservation commission issued an order for the work to cease because of noncompliance with the Wetlands Protection Act. The plaintiffs have been unable to satisfy the conservation commission's concerns. They are, thus, unable to build a residence on their property and have suffered economic loss. With respect to the building inspector's authority to issue permits, a town by-law provides: "No permit shall be issued by the Building Inspector unless the application for permit indicates compliance with . . . the Wetlands Protection Act, if applicable."[3]

In *Dinsky* v. *Framingham*, 386 Mass. 801 (1982), purchasers of a single-family home which suffered water damage alleged causal negligence on the part of a building inspector in the issuance of building and occupancy permits to the builder from whom the plaintiffs purchased the house. The court held that no action against a municipality for negligent inspection to check compliance with the building code could be maintained "in the absence of a special duty owed to the plaintiffs, different from that owed to the public at large." *Id.* at 810. The court noted that building codes are generally enacted for the benefit of the public, and concluded that "there is nothing in either the General Laws or in the State

---

[3]The plaintiffs have made no showing as to what the building inspector was told by the contractor before oral permission to build was given. Absent such a showing, one cannot know whether there was negligence on the building inspector's part.

Building Code which shows a legislative intent to impose lia-
bility on a municipality to individual property owners for the
negligent issuance of building permits or the nonenforcement
of the State Building Code." *Id.* at 809-810. See also *Ribeiro*
v. *Granby*, 395 Mass. 608 (1985); *Nolan* v. *Parker*, 15 Mass.
App. Ct. 475 (1983). The plaintiffs contend that, notwith-
standing facial similarities to the building inspection cases,
the present case is one involving foreseeable harm to them as
a result of an assurance of compliance made directly to them
through their contractor. Therefore, they contend, the build-
ing inspector owed them a special duty of care. The plaintiffs
rely on *Irwin* v. *Ware*, 392 Mass. 745 (1984), and *A.L.* v.
*Commonwealth*, 402 Mass. 234 (1988), in which the court
found a special duty owed to the plaintiffs by the public em-
ployee beyond that owed to the public at large. "Where the
risk created by the negligence of a municipal employee is of
immediate and foreseeable physical injury to persons who
cannot reasonably protect themselves from it, a duty of care
reasonably should be found." *Irwin* v. *Ware*, 392 Mass. at
756.

Although there are some factual distinctions between the
present case and the public inspection cases decided to date,
we do not agree with the plaintiffs that, in the circumstances,
they were owed a special duty of care. Unlike the plaintiffs in
*Irwin* v. *Ware* and *A.L.* v. *Commonwealth*, the plaintiffs in
the present case were in a position reasonably to protect
themselves from the threatened harm. The ability to protect
oneself is an important factor in determining whether one is
owed a special duty of care. See *Ribeiro* v. *Granby*, 395
Mass. at 612 (pointing out, in foreclosing liability in an in-
spection case, that the plaintiffs "could have taken measures
to rectify or avoid the danger"). The Hinsdale by-law does
not place a special duty on the building inspector to investi-
gate the wetlands status of any particular piece of property.
On the contrary, the by-law places the obligation to show
compliance with the Wetlands Protection Act on any person
applying for a building permit. A property owner has the ini-
tial burden of investigating whether the Wetlands Protection

Zocchi *v.* Hinsdale.

Act would pose any impediment to construction and, thus, is in a position reasonably to protect himself from harm.

The case of *Rogers* v. *Toppenish*, 23 Wash. App. 554 (1979), on which the plaintiffs rely, is distinguishable. In that case, a zoning administrator gave assurance to a landowner that an apartment house he planned to build would be in compliance with the applicable zoning requirements. The court noted, however, that the zoning classification of the property was solely within the knowledge of the zoning administrator, and for the landowner to have searched for the answer "would have been an extreme, if not impossible, burden." *Id.* at 560. Unlike that zoning administrator's assurance, the Hinsdale building inspector's oral permission should not have been construed as a representation to the plaintiffs that all applicable requirements for construction had been met. Having failed to assure themselves before making application for the building permit that the construction would be in compliance with the Wetlands Protection Act, the plaintiffs could not reasonably rely on the oral permission.

The distinction between the *Dinsky* and *Irwin* lines of cases not being sharp, policy considerations may enter into the determination whether a particular case falls within one line of cases or the other. While the plaintiffs have apparently sustained an unfortunate economic loss, given the language of the by-law placing the obligation to investigate the wetlands situation initially on them, considerations of fairness do not require the imposition of liability on the town. Moreover, imposition of liability on a municipality in a case such as the present one would create the potential for a "tremendous exposure to liability . . . ." *Dinsky* v. *Framingham*, 386 Mass. at 810.

*Judgment affirmed.*