Kottmyer, J.
On April 18, 2002, this Court issued a Memorandum of Decision and Order on Cross Motions for Summary Judgment. Roxbury Community College (“RCC”) had moved for summary judgment on the grounds that plaintiff Shirelle Irvin’s claim was barred by G.L.c. 258, § 10(f), which retains a public employer’s sovereign immunity for any claim based upon the failure to inspect or negligent inspection of real property. The Court denied the motion based on the exclusion from immunity set forth in §10(j) (3) for “any claim based upon negligent maintenance of public property."
Thereafter, RCC moved for reconsideration directing the Court’s attention to the decision of the Supreme Judicial Court in Brum v. Dartmouth, 428 Mass. 684, 697 (1999). There, the Court stated with respect to subsection 10(i), which like subsection 10(j) creates an immunity from suit subject to specific exception(s): “The immunities provided by §10 operate in the alternative; even if one immunity contains an exception that would permit a claim to be brought, that claim is barred if any other immunities apply.”
As stated in the Court’s April 18, 2002 Memorandum, plaintiffs claim against RCC is based on its alleged failure as the owner of property to inspect the door closer to determine whether the mechanism posed a threat to safely. Although RCC attempts to avoid the exception set forth in §10(j)(3) by casting plaintiff s claim as one predicated on negligent failure *568 to inspect within the meaning of § 10(f), her claim is a claim for negligent maintenance of real property and is not covered by Section 10(f).
The Massachusetts Tort Claims Act imposes liability on public employers in the same manner and to the same extent as a private individual under like circumstances. G.L.c. 258, §2. A public employer is therefore liable for negligent maintenance of real property. See Tyron v. Lowell, 29 Mass.App.Ct. 720, 722 (1991). The owner or person in control of real property has a duty to maintain the premises in a reasonably safe condition. O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). This duty obliges the owner to correct and/or warn of defects of which the landowner knows or should have known. Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). The property owner’s duty thus encompasses a duty to take steps to ensure that it will learn of the existence of defects within a reasonable time. Implicit in this duty is an obligation to inspect one’s property for conditions which pose a threat to the safety of lawful visitors.
In Jean W. v. Commonwealth, 414 Mass. 496, 499 (1993), the Supreme Judicial Court announced that it would do away with the common-law public duty rule if the Legislature did not act before the end of the current legislative session. The public duty rule barred causes of action against public employers predicated on negligent inspection absent a special duty owed to the plaintiff different from that owed to the public at large. See Dinsky v. Town of Framingham, 386 Mass. 801 (1982) (cause of action based on negligent issuance of building and occupancy permits barred). Accord Zocci v. Town of Hinsdale, 30 Mass.App.Ct. 803, 805-06 (1991) (cause of action based on alleged negligence of building inspector barred); Nolan v. Parker, 15 Mass.App.Ct. 475, 477-78 (1983) (cause of action barred where town building commissioner owed duty to public generally). In Dinsky, the Court pointed out that to hold otherwise would make a municipality substantially an insurer of each and every construction project. Such liability would dissuade municipalities from enacting regulations designed for the protection and welfare of the public. In response to the Court’s stated intention to abrogate the common-law public duty rule, the Legislature added subsections (d) through (j) of §10 to the Tort Claims Act in 1993. Brum, supra, 428 Mass. at 694-95.
The exemption for negligent inspection in § 10(f) codifies the rule stated in Dinsky and exempts from liability a failure to inspect where the duty to inspect is owed to the public generally and no special duty is owed. See, e.g., Salusti v. Watertown, 418 Mass. 202, 204-06 (1994) (duly to inspect fire hydrants). It does not apply to the duty owed to lawful visitors to maintain property in a reasonably safe condition, a duty common to all persons in control of real properly, including RCC.
This conclusion is supported by the fact that the Legislature categorically excluded from the exemption in Section 10(j) “any claim based on negligent maintenance of public property.” If the exclusion in Section 10(f) were intended to encompass claims against the Commonwealth in its capacity as a landowner, it is reasonable to suppose that the Legislature would have addressed the inconsistency between Section 10(f) and the broad exclusion in Section 10(j)(3).
Conclusion
For the reasons stated herein, the defendant Roxbuiy Community College’s motion for reconsideration is denied.